No. 88-135

IN THE SUPREME COURT OF THE STATE OF MONTANA

1988

---

GEORGE ERNEST LeCLAIR and THERESA
JANE LeCLAIR, husband and wife,

        Plaintiffs and Respondents,

-vs-

EDWARD L. REITER, CLIFFORD C. HUST and
MARLENE M. HUST, husband and wife,

        Defendant and appellants.

---

APPEAL FROM: District Court of the Thirteenth Judicial District,
In and for the County of Yellowstone,
The Honorable Russell Fillner, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Edward L. Reiter, pro se, Huntley, Montana

    For Respondent:

        Jones Law Firm; Blair Jones, Billings, Montana

---

Submitted on Briefs: June 30, 1988

Decided: August 22, 1988

Filed: AUG 2 2 1988

*Ed. M. Harrison*

Clerk

Mr. Justice Fred J. Weber delivered the Opinion of the Court.

This is an action for termination of a contract for deed. The District Court for the Thirteenth Judicial District, Yellowstone County, declared the interests of the defendant purchasers terminated and quieted title in the plaintiff sellers. Mr. Reiter appeals. We affirm.

We restate the issues as follows:

1. Is this appeal moot because Mr. Reiter failed to file a supersedeas bond?

2. Was sufficient notice of default served upon Mr. Reiter?

3. Are the findings supported by the evidence?

4. Were attorney fees properly awarded to plaintiffs?

In May 1978, the plaintiffs, as sellers, entered a contract for sale of farm equipment and real property in Yellowstone County, Montana, with defendants Clifford and Marlene Hust. In January 1980, the Husts made a written assignment to defendant Mr. Reiter of "all of their right, title and interest" in the real and personal property described in that contract for deed. The provisions of the contract for deed which are relevant to this appeal are:

> 7. Buyer and Seller agree that taxes and assessments shall be pro-rated between them as of ____May 14____, 1978. Seller shall pay taxes and assessments for all prior years in full and Buyer shall pay taxes and assessments for all subsequent years in full before the same become delinquent. Should Buyer fail to pay such taxes and assessments, Seller may, at their election, either treat the failure to pay said taxes and assessments as an event of default hereunder . . .

> . . .

> 10. Should any default of Buyer hereunder remain uncured for more than thirty (30) days after

2

written notice thereof, Seller may, without further notice or period of grace:

. . .

(b) declare the entire unpaid principal balance with accrued interest thereon immediately due and payable and upon non-payment thereof after thirty (30) days' notice to Buyer of said acceleration, Seller may enforce collection of the total amount then due and payable in any appropriate manner by any available remedy, or terminate this Agreement, retaining all payments made by Buyer as liquidated damages for breach of this Agreement.

. . .

15. Any notice hereunder may be served personally or by certified mail. If served by mail, notice shall be directed to Buyer at _Rd 9-Hardin, Mont._, and to Seller at _2917 S.W-337-St. Federal Way-Wash-98003_, or such other address as Buyer or Seller may designate by notice appropriately delivered to the other and to the Escrow Agent. Service by mail shall be complete on deposit in any United States Post Office.

In June 1986, the plaintiffs sent Mr. Reiter, by certified mail, a notice of default. The notice alleged that Mr. Reiter had failed to comply with the provisions of the contract for deed by failing to make the contract payments due for the months of March and April 1986 and to pay real property taxes for the years 1984 and 1985. The notice further pointed out that the contract required Mr. Reiter to bring the default current within 30 days from the date of the notice.

In July, the plaintiffs served upon Mr. Reiter a "Notice of Default and Election to Accelerate," listing failure to pay the 1984 and 1985 property taxes, failure to make the payment due for the month of June 1986, and failure to maintain adequate insurance coverage. In that notice, the

3

plaintiffs elected as allowed under the contract to declare the entire unpaid balance of the contract due within 30 days. When Mr. Reiter failed to pay the accelerated balance of principal plus interest, the plaintiffs filed this suit for termination of the contract for deed.

The lower court granted judgment to plaintiffs, ordering that the contract was terminated, that plaintiffs' title to the property be quieted, and that the real and personal property described in the contract be returned to plaintiffs' possession. It also awarded plaintiffs their reasonable attorney fees as allowed under the contract. Mr. Reiter appeals, appearing pro se.

I

Is this appeal moot because Mr. Reiter failed to file a supersedeas bond?

The plaintiffs have raised this threshold issue, pointing out that they have already repossessed the real and personal property and that quitclaim deeds from Mr. Reiter to the Husts and from the Husts to plaintiffs have been filed. They argue that since Mr Reiter did not file a supersedeas bond or otherwise stay execution of the lower court's judgment, this appeal is moot.

Where payment or performance of a judgment by an appellant is involuntary, the right to appeal is not affected. State v. Rafn (1956), 130 Mont. 554, 557, 304 P.2d 918, 919-20. That rule was reaffirmed in this Court's opinion and order in First Nat. Bank in Eureka v. Giles (Mont. 1986), ___ P.2d ___, 43 St.Rep. 1326, 1328:

> It thus appears that in our decided cases we have been skirting around the rule that if a judgment is satisfied by an involuntary payment or performance, the appeal from the judgment is not thereby rendered moot. We hereby adopt that rule, expressly overruling anything to the contrary in Henke

4

[Gallatin Trust and Savings Bank v. Henke (1969), 154 Mont. 170, 461 P.2d 448] or other cases.

It is clear from the District Court file that Mr. Reiter did not voluntarily relinquish either the real or personal property to the plaintiffs. We therefore go on to the issues raised by Mr. Reiter.

## II

Was sufficient notice of default served upon Mr. Reiter?

Mr. Reiter asserts that the notice of default was invalid because the copy he received was undated. He testified that his mother signed for the certified letter and that he threw away the envelope. He cites caselaw requiring return of process after service of a summons as his authority that the notice must have been dated.

The contract for deed does not require that the notice be dated in any certain way, except to specify that service by mail is complete on deposit in a post office. Under the contract, the postmarked date is the beginning of the 30-day period for curing a default. Mr. Reiter acknowledges receiving the notice by certified mail and there is nothing to indicate prejudice to him by a failure to date it. Further, a copy of the notice of default was submitted into evidence. It contains all information required by the contract and is dated at the bottom. We hold that the lower court was not in error in finding that the notice of default served upon Mr. Reiter was sufficient.

## III

Are the findings supported by the evidence?

Mr. Reiter makes several arguments which we have grouped under this issue. One depends on his contention in Issue II that the notice of default was insufficient. Our resolution of Issue II disposes of that argument.

5

Another of Mr. Reiter's arguments involves his Chapter 11 (reorganization) bankruptcy proceeding. His bankruptcy petition was dismissed in April of 1986. Mr. Reiter asserts that before his petition was dismissed, he and his creditors reached an agreement that the sole secured creditor would claim the secured property and that he would pay all other creditors within three years. He maintains that this oral agreement binds the plaintiffs.

The District Court found, as to this argument:

> 13. That the Court finds the allegation by Defendant Reiter as to the existence of a subsequent agreement with Plaintiffs forgiving or allowing Defendant Reiter additional time to pay taxes to be unfounded and not supported by credible evidence in the following respects:
> a. Defendant Reiter ties his allegation with regard to the taxes to a Chapter 11 bankruptcy filing which was dismissed in April, 1986 – prior to the service of the default notices and maintenance of this action. No agreement was reached during the bankruptcy proceedings which alters the terms of the contracts before the Court.

Findings of fact will not be set aside unless they are clearly erroneous. Rule 52(a), M.R.Civ.P. In their testimony at trial, the plaintiffs denied ever discussing with Mr. Reiter an agreement such as the one he claims existed. There is no formal creditor agreement from the bankruptcy proceeding, because that proceeding was dismissed. We conclude that the above finding is not clearly erroneous.

Mr. Reiter next argues that after he received the notice of default, he kept his payments current to the escrow agent, so that the lower court should have dismissed this case at the hearing on his motion for summary judgment. However, under paragraph 7 of the contract, nonpayment of taxes could be grounds for default. Mr. Reiter does not dispute that he

6

did not pay the 1984 and 1985 taxes. Whether he did or did not make up or keep up on his monthly payments, he was in default based on nonpayment of the taxes.

Finally, Mr. Reiter argues that the bill of sale he received on the personal property included in his contract with the Husts never went into escrow, so that he is entitled to retain that property. The District Court's order extinguished Mr. Reiter's interest in the following personal property:

> John Deere Tractor - 70 Gas
> John Deere Tractor - A
> John Deere Drill - 8'
> 12" Post Hole Digger
> 3-Section Harrow
> Wooden Leveler - 6' x 24'
> Border Dyker
> International Two-Bottom Rollover Plow
> John Deere #5 Mowing Machine
> Johnson WorkHorse Loader with manure fork
>     and hay head
> Ditcher
> Burr Grain Grinder plus belt

The escrow officer testified by deposition that the original bill of sale for the above property was in the escrow file. The Husts had no power to convey to Mr. Reiter any greater interest in the personal property than the interest they possessed, and their interest was limited by the contract for deed. Mr. Reiter did not produce an original bill of sale, nor any other documents showing that the personal property had been paid off separately from the escrow contract. We conclude that the lower court's finding that plaintiffs are entitled to have the personal property returned to them is supported by the evidence and is not clearly erroneous.

IV

Were attorney fees properly awarded to plaintiffs?

7

Under paragraph 14 of the contract for deed, the prevailing party in an action for enforcement of the contract "shall be entitled to a reasonable attorney's fee in addition to costs of suit." Mr. Reiter asks that the award of attorney fees be reversed.

Paragraph 14 of the contract clearly allows attorney fees to the prevailing party. As discussed above, we affirm the rulings of the District Court which made plaintiffs the prevailing party. We conclude that plaintiffs are entitled to the attorney fees awarded by the District Court and that they are entitled to reasonable attorney fees on appeal. This matter is remanded to the District Court for determination of the reasonable attorney fee on appeal.

Affirmed and remanded.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices