8 F.3d 26
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
FARM CREDIT BANK OF SPOKANE, Plaintiff-Appellee,
v.
Norman J. MAVENCAMP, Defendant-Appellant,
and
United States of America, acting through the Farmers Home
Administration; Joseph Mavencamp, Defendants.
 No. 91-36239.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 5, 1993.*
Decided Oct. 20, 1993.
 
 Before: BEEZER and HALL, Circuit Judges, and ARMSTRONG,** District Judge.
 MEMORANDUM***
 Norman Mavencamp appeals the district court's summary judgment of foreclosure in favor of Farm Credit Bank of Spokane. Mavencamp primarily argues the Bank was required to accept his survey as accurate before denying his loan-restructuring proposal. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 * By May 1989, Mavencamp had defaulted on the mortgage securing his farm land. Pursuant to the Agricultural Credit Act of 1987, the Bank, as mortgage holder, gave Mavencamp the opportunity to restructure the loan.
 Mavencamp's proposal failed to include an appraisal of the property. Instead, Mavencamp provided a survey that showed fewer irrigable acres than he had specified in financial statements submitted to the Bank. After appraising the property, the Bank denied Mavencamp's proposal and notified Mavencamp of his right under the Act to submit an independent appraisal in challenging the decision.
 Mavencamp did not submit an appraisal, and the Bank filed a foreclosure action in Montana state court. The United States, a junior mortgage holder, was named a defendant and removed the case to federal court. The district court granted the Bank's motion for summary judgment. Mavencamp did not seek a stay pending appeal, and the property was sold at a sheriff's sale.[1]
 II
 Mavencamp argues that the Bank's refusal to accept his survey as accurate was "arbitrary, capricious, and not in good faith." Nothing required the Bank to consider Mavencamp's survey. The decision on whether to accept a restructuring proposal is based in part on appraisals, not surveys, and Mavencamp failed to submit an appraisal. See 12 U.S.C. § 2202(d)(1),(2). In any event, the Bank noted that the survey showed fewer irrigable acres than previously specified by Mavencamp and that the available water supply was more than sufficient to irrigate the land its appraisal classified as irrigable. The Bank also observed that Mavencamp did not offer available assets as collateral and that a credit analysis showed Mavencamp should be able to pay more than as outlined in his proposal. See 12 U.S.C. § 2202a(d)(1). The Bank followed the Act's procedures and did not abuse its discretion by denying Mavencamp's restructuring proposal. See Federal Land Bank v. L.R. Ranch Co., 926 F.2d 859, 863 & n. 7 (9th Cir.1991).
 III
 The Bank and Mavencamp request attorney fees. As the prevailing party, the Bank is entitled to recover its fees for this appeal. Mont.Code Ann. § 71-1-233; Bermes v. Sylling, 587 P.2d 377, 387 (Mont.1978). On remand, the district court shall determine the proper amount of the award.
 AFFIRMED and REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 Hon. Saundra Brown Armstrong, District Judge for the United States District Court for the Northern District of California, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or used by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 The Bank has moved to dismiss this appeal, arguing that Mavencamp's failure to stay the sheriff's sale mooted the issues raised here. The appeal is not moot under Montana law, and the Bank's motion is denied. See Traders State Bank v. Mann, 852 P.2d 604, 609 (Mont.1993)