JUSTICE HUNT
delivered the Opinion of the Court.
Appellants Mark and Brenda Ahrens appeal from an order of the Eighteenth Judicial District Court, Gallatin County, granting summary judgment in favor of respondent William Kirk Cottle.
We affirm.
The issues on appeal are:
1. Did the District Court err in concluding that appellants failed to comply with the notice of default provisions contained in the parties’ contract for the sale of real property?
2. Did the District Court err in concluding that appellants waived their right to terminate their contract with respondent and regain possession of real property?
3. Did the District Court err in not awarding attorney fees to appellants?
On April 15, 1988, appellants sold a home by contract for deed to respondent for $37,000. Respondent made a $150 down payment and agreed to pay $3,600, at eight percent interest, in monthly installments of $100 commencing May 1, 1988. Respondent satisfactorily performed this portion of the contract. In addition, respondent agreed *341 to assume the balance of appellants’ monthly payments to the mortgage lienholder, Carteret Federal Savings Bank.
Respondent failed to make the April and May 1993 payments to Carteret. As a result, on May 21,1993, appellants attempted to serve respondent with a notice of default by taping a copy of the notice to the back door of respondent’s home. On June 9, 1993, appellants personally served respondent with a notice of acceleration of the contract. On June 14,1993, respondent cured the April and May 1993 defaults. Respondent failed to make the payments for September, October, and November 1993. Appellants made these payments to Carteret without serving respondent with notice of default. In December 1993, respondent cured the September, October, and November 1993 defaults by making payment to Carteret.
Appellants filed suit on November 12, 1993, seeking to cancel the contract for deed and to reclaim possession of the property. Respondent and appellants filed motions for summary judgment. After a hearing on the motions the District Court issued its findings of fact, conclusions of law, and order granting respondent’s motion for summary judgment. As of the hearing for summary judgment, all payments were current. On August 25,1994, the District Court entered its judgment awarding attorney fees to respondent. It is from the District Court’s order granting summary judgment to respondent that appellants appeals.

ISSUE 1

Did the District Court err in concluding that appellants failed to comply with the notice provisions contained in the parties’ contract for the sale of real property?
We review conclusions of law to determine whether the district court’s interpretation of the law was correct. In re Marriage of Barnard (1994), 264 Mont. 103, 107, 870 P.2d 91, 93; In re Marriage of Burris (1993), 258 Mont. 265, 269, 852 P.2d 616, 619.
Paragraph 13 of the parties’ contract for deed provides that all notices shall be deemed to be properly given if delivered in writing personally or sent by registered or certified mail. The District Court concluded that appellants did not comply with the notice provisions of the contract for deed by posting the notice of default to respondent’s back door.
Appellants rely on Christensen v. Hunt (1966), 147 Mont. 484, 414 P.2d 648, Hares v. Nelson (1981), 195 Mont. 463, 637 P.2d 19, and LeClair v. Reiter (1988), 233 Mont. 332, 760 P.2d 740, to support their *342 argument that Montana case law has consistently held that the failure to adhere to the technical requirements of notice pursuant to a contract is immaterial if an individual has knowledge of the notice. A review of Christensen, Hares, and LeClair shows that they are distinguishable from the present case.
In Christensen, the default provision in a contract for deed required that the seller send the notice of default to the address provided for in the contract. The notice of default was delivered to the buyer at an address other than the one listed in the contract. We concluded that sending the notice to the alternative address was a technical error that did not prejudice the rights of the buyer who received the notice at the address to which it was delivered.
In Hares, we affirmed the district court’s termination of a contract for deed and granted the seller possession of the property. The buyer argued that he did not receive notice of default pursuant to the terms of the contract which was to be sent by registered mail. The buyer failed to retrieve the registered letter at the post office even though he knew the letter was waiting for him.
In an action for termination of a contract for deed, the buyer in LeClair argued that the notice of default was defective because the copy of the notice he received was not dated. We concluded that the terms of the contract for deed did not require that the notice be dated in a certain way, except to specify that service by mail was complete upon deposit in a post office. The buyer acknowledged receiving the notice by certified mail and was not prejudiced by the failure to date the notice.
By contrast, appellants in the present case attempted to serve respondent by posting the notice to his back door despite the contract’s requirement of personal service or service by mail. While respondent testified that he eventually found and read the notice, he could not identify exactly how long after the notice had been posted to his back door that he discovered it.
Appellants argue that posting the notice on respondent’s back door afforded him the same notice he would have received had appellants personally delivered or mailed the notice of default. We disagree.
Posting the notice of default to respondent’s back door constituted a material, rather than a technical, flaw in service. Under the terms of the contract for deed, if the buyer fails to cure a default within 15 days after receiving notice of default, the seller has the right to give the buyer written notice of acceleration. Consequently, under the terms of the contract, a notice of acceleration is only valid if it is *343 preceded by proper service of the notice of default which then triggers the 15 day default period. The contract is clear as to the two proper methods of service.
Appellants posted the notice of default on respondent’s back door on May 21, 1993. Had respondent been properly served on May 21, he would have had until June 5 to cure any defaults. Had the defaults remained uncured thereafter, appellants were entitled to accelerate the obligation under the contract. Believing that respondent had been properly served with notice of default, and knowing that respondent had not cured the April and May defaults within the 15 day period, appellants served respondent with notice of acceleration on June 9, 1993. However, respondent cured the April and May defaults on June 14, 1993, after discovering the notice of default posted on his back door sometime in May.
We hold that the District Court did not err in concluding that appellants failed to comply with the notice provisions contained in the parties’ contract for the sale of real property.

ISSUE 2

Did the District Court err in concluding that appellants waived their right to terminate their contract with respondent and regain possession of the property?
We apply the same standard of review to Issue 2 that we applied to Issue 1.
Respondent failed to make the September, October, and November 1993 payments to Carteret. After being so informed by Carteret, appellants made those payments to Carteret without first serving respondent with notice of default and without informing respondent that they made the late payments. In addition, appellants did not instruct Carteret to refrain from accepting further payments from respondent. In December 1993, respondent brought the contract current by making the September, October, and November payments to Carteret. As a result, Carteret received double payments for September, October, and November 1993,
The District Court concluded that:
The acceptance of a payment on a contract after the seller has declared or attempted to declare a default constitutes a waiver of the default and such waiver denies to the seller the right of the seller to sue for acceleration of the contract. Bailey v. Lilly (1983), 205 Mont. 35, 667 P.2d 933. See also Shultz [Schultz] v. Campbell (1966), 147 Mont. 439, 413 P.2d 879.
*344 Therefore, the [appellants’] action to foreclose the contract must be dismissed because of a waiver by the [appellants] in accepting payments under the contract. The [appellants] claim that Carteret, not they, accepted the payments made by the [respondent] to Carteret and made no effort to advise Carteret that the [appellants] were attempting to terminate the contract and that Carteret was not to accept such payments.
Appellants argue that they did not waive their right to terminate the contract because they did not have the ability to direct whether Carteret accepted or retained the late payments from respondent. There is nothing in the record to show that appellants were powerless to notify Carteret not to accept further payments from respondent. However, appellants were not required under the contract to notify the bank to refrain from accepting further payments from respondent. Under the terms of the contract, appellants were required to first serve respondent with a notice of default as a precondition to serving a notice of acceleration. Appellants failed to properly serve respondent with a notice of default after the April and May defaults, and appellants failed to serve respondent with any notice of default after the September, October, and November defaults.
Similarly, we are not persuaded by appellants’ argument that waiver did not occur because Carteret, not appellants, accepted and retained respondent’s delinquent payments. The contract for deed shows that respondent agreed to make appellants’ mortgage payments directly to the mortgage lien holder, Carteret. Consequently, a mortgage payment from respondent to Carteret in satisfaction of appellants’ obligation to Carteret, is the equivalent of a payment from respondent to appellants. As a result, it is irrelevant that respondent’s delinquent payments were accepted and retained by Carteret, rather than by appellants. What is relevant is the fact that because respondent had not been served with notice of default, he made payments to Carteret in satisfaction of the underlying obligation, and those payments were accepted and retained. Any defaults that may have occurred were cured when respondent brought all payments to date.
. We hold that the District Court did not err in concluding that appellants waived their right to terminate their contract with respondent and regain possession of the property.

ISSUE 3

Did the District Court err in not awarding attorney fees to appellants?
*345 Appellants asked for attorney fees based on the alleged defaults by respondent. However, as we have held that appellants failed to give any proper notices of default, there is no obligation to pay attorney fees under the circumstances.
We affirm.
CHIEF JUSTICE TURNAGE, JUSTICES NELSON and LEAPHART concur.