IN THE SUPREME COURT OF THE STATE OF MONTANA

No. 95-329

JOHN P. TURNER

        Respondent and
        Cross-Appellant,

   v.

MOUNTAIN ENGINEERING And
CONSTRUCTION, INC., et al.,

        Appellants and
        Cross-Respondents.

O R D E R

FILED

FEB 6 - 1996

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

On January 11, 1996, the Opinion of this Court in the above-entitled cause was filed. On January 19, 1996, Appellants and Cross-Respondents filed their Petition for Rehearing. On January 26, 1996, Respondent and Cross-Appellant filed his Objections to Petition for Rehearing.

After review of this Court's Opinion issued January 11, 1996, and having considered Appellants' and Cross-Respondents' Petition for Rehearing as well as Respondent's and Cross-Appellant's Objections,

IT IS ORDERED:

1. Issue 5 of this Court's January 11, 1996 Opinion (Slip Op. pp. 11 through 14) is hereby withdrawn and replaced with the following:

******************************

5. Did the District Court err in amending its Memorandum and Order for Summary Judgment when it deleted Turner's award of costs and attorney's fees?

In 1987, Kerin filed suit to foreclose its construction lien. Figgins Sand & Gravel and Johnston Excavating were named as defendants in the suit, and Figgins counterclaimed and cross-claimed seeking a determination of the priority of the liens and

1

foreclosure of its lien. In that action, the mortgagees who were Turner's predecessors in interest were also named as defendants, however, the action was stayed because of the bankruptcy petition filed by Ameritrust. Turner obtained an order from the United States Bankruptcy Court for the Eastern District of California abandoning the trustee's interest in the Royal Village subdivision.

After obtaining this order, Turner filed suit to foreclose on the Royal Village subdivision on December 30, 1992. In February of 1993, Turner's suit was consolidated with the lien creditors' suit. In an attempt to invalidate Turner's mortgage and to obtain priority and validity of their liens, the lien creditors filed counterclaims and cross-claims. After a protracted dispute between the lien creditors and Turner, both Figgins and Turner filed motions for summary judgment. Turner's brief in support of his motion for summary judgment included a request for attorney's fees and referenced § 71-3-124, MCA.

In its March 14, 1995, Memorandum and Order for Summary Judgment, the District Court awarded Turner his costs and attorney's fees pursuant to §§ 71-1-233 and 71-3-124, MCA. Lien creditors moved the District Court to reconsider its award of costs and attorney's fees and, on April 27, 1995, the District Court entered its Order Amending Summary Judgment striking the award. On cross-appeal, Turner argues that the lien creditors waived their right to object to the award of costs and attorney's fees and, further, that the District Court was without the power to amend the original award. Lien creditors rely on Rules 52(b) and 60(b),

M.R.Civ.P., as authorizing the District Court to amend its order. Even assuming that the court had authority to amend the award, an amendment denying the fees previously awarded pursuant to § 71-3-124, MCA, was not appropriate. Section 71-3-124, MCA, provides:

> In an action to foreclose any of the liens provided for by parts 3, 4, 5, 6, 8, or 10 of this chapter, the court must allow as costs the money paid for filing and recording the lien and a reasonable attorney's fee in the district and supreme courts, and such costs and attorneys' fees must be allowed to each claimant whose lien is established, and such *reasonable attorneys' fees must be allowed* to *the defendant against whose property a lien is claimed, if such lien be not established.* [Emphasis added.]

In Home Interiors, Inc. v. Hendrickson (1984), 214 Mont. 194, 692 P.2d 1229, this Court resolved a question of whether a mechanics lien took priority over a trust indenture in favor of the lien creditor and awarded attorney's fees to the lien creditor under § 71-3-124, MCA. Home Interiors, 692 P.2d at 1232. The Home Interiors decision simply awarded attorney's fees to the lien creditors without giving a rationale as to how § 71-3-124, MCA, applied to the facts. The effect of the decision, however, is that the fees were to be paid, not by Jones (the owner of the property) but by Security Pacific, the holder of the trust indenture (mortgagee). Apparently, the Court was persuaded that since Security Pacific, as mortgagee, defended the suit on behalf of the owner, it should be held responsible for the lien creditors' attorney's fees. In the alternative, the Court may have considered the fact that Security Pacific later purchased the property at the foreclosure sale, thereby becoming the owner of the property. Without expressing **any** opinion on the correctness of these

3

rationales, we note that they both work to the benefit of Turner, because he, like Security Pacific, is a non-owner mortgagee who defended against the lien claimants, as well as an owner who purchased the property at a sheriff's sale.[1]

Furthermore, in this case, it is difficult to determine who was the "owner" of the property at the time of suit because of the confusing, disputed and allegedly fraudulent conveyances and mortgages of the property and Ameritrust's bankruptcy petition. Since the encumbrances on the property exceeded its fair market value, the Bankruptcy Court granted Turner's motion to abandon the property. After the abandonment, Ameritrust, the title owner of the property, no longer had an interest.

Section 71-3-124, MCA, required an award of attorney's fees to the party successfully defending the lien foreclosure. Carkeek v. Ayer (1980), 188 Mont. 345, 348, 613 P.2d 1013, 1015. Thus, under the unique facts of this case, the District Court was correct in its original order which granted costs and attorney's fees to Turner pursuant to § 71-3-124, MCA.

The proceedings evolved into a contest to determine the priorities and validity of various construction liens and mortgages as well as an action by Turner to foreclose on the mortgages. Lien creditors and Turner were the principal parties to the litigation and the priority of the construction liens and their foreclosure

---

[1] We note that the result in Home Interiors is inconsistent with our mootness holding in issue one in the instant case. However, the parties in Home Interiors did not raise the issue of mootness, nor did we discuss that issue in the opinion. Accordingly, we do not overrule our decision in Home Interiors.

4

was central to the litigation. Here, Turner was not only attempting to determine the priority of his mortgages and foreclose on them, he was also defending against the construction lien holders' foreclosure suits. Thus, under the unique circumstances of this case regarding the abandonment of the property by the bankruptcy trustee and Turner's subsequent action as a principal party, the award was proper under § 71-3-124, MCA.

We reverse and remand for a determination of Turner's costs and attorney's fees pursuant to § 71-3-124, MCA.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

2. In all other respects, Appellants' and Cross-Respondents' Petition for Rehearing is DENIED. Let Remittitur issue forthwith.

3. The Clerk is directed to mail copies of this order to counsel of record, to West Publishing Company, to State Reporter Publishing Company and to the Honorable Larry W. Moran, District Judge.

DATED this 8th day of February, 1996.

_____

_____
Terry Trieweiler

_____
William E Hunt

_____

_____
W. William Leaphart

_____
Karla M. Gray
Justices