No.  96-606

IN THE SUPREME COURT OF THE STATE OF MONTANA

1997

AGAMERICA, FCB, successor in interest
to the Farm Credit Bank of Spokane,

Plaintiff and Respondent,

v.

JAMES C. MEYERS; UNITED STATES OF
AMERICA, acting through the Farmers
Home Administration, United States
Department of Agriculture; DANNY
HANSARD; FREDA HANSARD, f/k/a FREDA
MEYERS; and NORTHWEST FARM CREDIT
SERVICES, ACA.,

Defendants and Appellants.

FILED

FEB 25 1997

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:   District Court of the Twelfth Judicial District,
               In and for the County of Hill,
               The Honorable John Warner, Judge Presiding.


COUNSEL OF RECORD:

        For Appellant:

            James C. Meyers, Pro Se, Helena, Montana


        For Respondent:

            John P. Paul, Alexander, Baucus, Taleff & Paul,
            Great Falls, Montana


                              Submitted on Briefs: January 16, 1997

                                    Decided: February 25, 1997

Filed:


_____
              Clerk

Chief Justice J. A. Turnage delivered the Opinion of the Court.

Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1988 Internal Operating Rules, this decision shall not be cited as precedent and shall be published by its filing as a public document with the Clerk of this Court and by a report of its result to the West Publishing Company.

James C. Meyers, appearing pro se, appeals from an order of sale of real property issued by the Twelfth Judicial District Court, Hill County. We affirm.

The nine issues which Meyers sets forth in his brief may be consolidated into two claims: that the judgment and decree of foreclosure issued by the United States District Court, Great Falls, Montana, on June 11, 1996, was invalid; and that the District Court's Order of Sale is invalid.

In June 1996, the United States District Court, Great Falls, Montana, issued a judgment and decree of foreclosure against James C. Meyers and others, in favor of AgAmerica, FCB, on mortgages of real property located in Hill County, Montana. Two months later, AgAmerica filed with the District Court an exemplified, certified copy of the federal court's judgment and decree, pursuant to the Uniform Foreign Money-Judgments Recognition Act, Title 25, Chapter 9, part 5, MCA, and moved the District Court to enter an order of sale directed to the Sheriff of Hill County. On August 23, 1996, having determined that notice and other procedural requirements had been met, the District Court ordered the Hill County Sheriff to

2

notice for sale and to sell the property to satisfy the federal court judgment.

Meyers filed a notice of appeal of the order of sale on August 28, 1996. He then moved to stay the sale of the property pending appeal. The District Court denied that motion on September 20, 1996, based upon Meyers' failure to furnish a supersedeas bond as required by Rule 7(b), M.R.App.P., and "a meritless motion and appeal." The sale of the property was held on October 10, 1996. In the following weeks, Meyers moved this Court for an order setting aside the sale and for an emergency stay of the lower court proceedings pending this appeal. We denied those motions.

Meyers claims that the federal court judgment is invalid because it is in violation of federal and state statutes, the documents upon which it is based are invalid, and it allows deficiency and attorney fees in error. He claims that the order of sale issued by the District Court is invalid because it "fails to stipulate areas where federal statutes should prevail," it failed to instruct on proper notice procedure, and it allows deficiency judgment.

AgAmerica responds by raising the threshold argument that Meyers' appeal has become moot because the foreclosure sale has been held, citing Turner v. Mountain Engineering and Const. Inc. (1996), 276 Mont. 55, 915 P.2d 799. AgAmerica points out that Meyers did not post a supersedeas bond and obtain a stay of the proceedings at the District Court pending appeal.

The procedure for obtaining a stay of judgment pending appeal in a civil action is set forth at Rule 7(b), M.R.App.P.:

> Upon service of notice of appeal, if the appellant desires a stay of execution, the appellant must, unless the requirement is waived by the opposing party, present to the district court and secure its approval of a supersedeas bond which shall have two sureties or a corporate surety as may be authorized by law.

Meyers did not post a supersedeas bond, nor is there anything in the record to indicate that AgAmerica waived that requirement. Hence, the District Court did not grant his motion for stay of execution of judgment.

> Generally speaking, loss of property through foreclosure is involuntary and will not give rise to a waiver of the right to appeal from the judgment. For example, if the property has been foreclosed upon but not yet sold, it may still be possible for this Court to fashion a remedy. However, the underlying question we must confront in determining whether an appeal is moot is not whether the sale was involuntary, but, rather, whether or not this Court is in a position to grant effective relief.

> . . .

> As this Court recognized in *Martin Dev. Co.*, when there is no effective relief this Court can fashion, the appeal is moot. Appellants allowed foreclosure sale to proceed, did not stay the proceedings, and did not post a supersedeas bond. As has been recognized, there is a danger of dismissal for mootness and, thus, a special need for seeking a stay when the sale of property is ordered and is not enjoined. A party who is confronted with a judgment ordering a foreclosure sale and who allows the foreclosure sale to proceed runs the risk that his appeal will thereby be rendered moot.

> . . . [W]hen compliance [with a judgment] is involuntary, as in most foreclosure actions, the appeal is not barred or waived, but may, nevertheless, be moot to the extent that this Court cannot grant any effective relief.

Turner, 915 P.2d at 804-05 (citations omitted).

4

In this case, because the foreclosure sale has been held, we conclude this appeal is moot. Because of that conclusion, we do not reach the issues raised by Meyers. This appeal is dismissed.

_____
Chief Justice

We concur:

_____

_____

_____

_____
Justices

5