**CHURCH OF THE CREATOR, INC., Ben Klassen, Pontifex Maximus, Petitioners-Appellants,**

v.

**COMMISSIONER OF INTERNAL REVENUE SERVICE, Respondent-Appellee.**

No. 82–5927
Non-Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

June 16, 1983.

Ben Klassen, pro se.

Glenn L. Archer, Jr., Michael L. Paup, Kenneth W. Gideon, Chief Counsel, I.R.S., Robert A. Bernstein, Philip I. Brennan, Tax Div. Dept. of Justice, Washington, D.C., for respondent-appellee.

Before RONEY, VANCE and ANDERSON, Circuit Judges.

PER CURIAM:

Appellants, Church of the Creator, Inc. and Ben Klassen, Pontifex Maximus, appeal from the United States Tax Court's order dismissing for lack of jurisdiction their petition for a declaratory judgment. We affirm the Tax Court's dismissal.

In a letter dated August 16, 1973, the Internal Revenue Service recognized the

Church as a tax-exempt organization under § 501(c)(3) of the Internal Revenue Code. Nearly eight years later, the Internal Revenue Service revoked the Church's tax-exempt status. In a letter mailed on August 7, 1981, Michael J. Murphy, District Director in Atlanta, stated that "[t]his letter is to notify you that the revocation of the recognition of your exempt status is final effective as of August 16, 1973." Murphy explained that the National Office had concluded that the 1973 letter recognizing the Church's tax-exempt status should be revoked effective as of August 16, 1973.

Section 7428(a) of the Internal Revenue Code [1] provides declaratory judgment relief for organizations which have received an adverse determination by the Secretary of the Treasury as to their continuing qualification under § 501(c)(3). Section 7428(b)(3) sets out the time for bringing such an action:

If the Secretary sends by certified or registered mail notice of his determination with respect to an issue referred to in subsection (a)(1) to the organization referred to in paragraph (1), no proceeding may be initiated under this section by such organization unless the pleading is filed before the ninety-first day after the date of such mailing.

26 U.S.C.A. § 7428(b)(3) (West Supp.1982).

The record indicates that Murphy sent the August 7, 1981, letter by certified mail and that appellants received that letter on August 13, 1981. That letter qualifies as notice of the Secretary's determination with respect to the continuing qualification of the Church as a § 501(c)(3) organization. The Church filed its petition for declaratory judgment on January 12, 1982. That petition was not filed before the ninety-first day after August 7, 1981, the date of the mailing of the notice of the Secretary's determination. The timely filing of such a petition for declaratory judgment is jurisdictional. Rule 210(c)(3) of the Rules of Practice and Procedure of the United States Tax Court, 26 U.S.C.A. foll. § 7453 (West Supp.1982); [2] Rule 13(c) of the Rules of Practice and Procedures of the United

---

1. 26 U.S.C.A. § 7428(a) (West Supp.1982) states:

§ 7428. **Declaratory judgments relating to status and classification of organizations under section 501(c)(3), etc.**

(a) **Creation of remedy.**—In a case of actual controversy involving—

(1) a determination by the Secretary—

(A) with respect to the initial qualification or continuing qualification of an organization as an organization described in section 501(c)(3) which is exempt from tax under section 501(a) or as an organization described in section 170(c)(2),

(B) with respect to the initial classification or continuing classification of an organization as a private foundation (as defined in section 509(a)), or

(C) with respect to the initial classification or continuing classification of an organization as a private operating foundation (as defined in section 4942(j)(3)), or

(2) a failure by the Secretary to make a determination with respect to an issue referred to in paragraph (1).

upon the filing of an appropriate pleading, the United States Tax Court, the United States Claims Court, or the district court of the United States for the District of Columbia may make a declaration with respect to such initial qualification or continuing qualification or with respect to such initial classification or continuing classification. Any such declaration shall have the force and effect of a decision of the Tax Court or a final judgment or decree of the district court or the Claims Court, as the case may be, and shall be reviewable as such. For purposes of this section, a determination with respect to a continuing qualification or continuing classification includes any revocation of or other change in a qualification or classification.

2. Rule 210(c)(3), 26 U.S.C.A. foll. § 7453 (West Supp.1982) states:

(c) Jurisdictional requirements. The Court does not have jurisdiction of an action for declaratory judgment under this Title unless the following conditions are satisfied:

.  .  .  .  .  .  .

(3) A petition for declaratory judgment is filed with the Court within the period specified by Code Section 7476(b)(5) with respect to a retirement plan action, or the period specified by Code Section 7477(b)(4) with respect to a Section 367 action, or the period specified in Code Section 7478(b)(3) with respect to a governmental obligation action, or the period specified by Code Section 7428(b)(3) with respect to an exempt organization action. See Code Section 7502.

States Tax Court, 26 U.S.C.A. foll. § 7453 (West Supp.1982);[3] *cf. Johnson v. Commissioner of Internal Revenue,* 611 F.2d 1015, 1018 (5th Cir.1980) (timely filing of petition for redetermination under § 6213(a) is jurisdictional).[4]

To escape the statutory requirements governing the time for bringing action, appellants argue that the August 7, 1981, letter did not constitute sufficient notice of the Secretary's determination disqualifying the Church from its § 501(c)(3) tax exempt status. This argument lacks merit. In the August 7, 1981, letter, District Director Murphy specifically explained that, if appellants sought to contest the Secretary's determination, they would have to file a petition for declaratory judgment in the courts before the ninety-first day after August 7, 1981.

For the foregoing reasons, the order of the United States Tax Court is

AFFIRMED.

---

**3.** Rule 13(c), 26 U.S.C.A. foll. § 7453 (West Supp.1982) states:

(c) Timely petition required. In all cases, the jurisdiction of the Court also depends on the timely filing of a petition. See Code Sections 6213, 7502; with respect to declaratory judgment actions, see Code Sections 7428, 7476, 7477, and 7478; and with respect to disclosure actions, see Code Section 6110.

**4.** In *Bonner v. City of Prichard,* 661 F.2d 1206 (11th Cir.1981) (en banc), this court adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981. *Id.* at 1209.