No. 98-633

IN THE SUPREME COURT OF THE STATE OF MONTANA

1999 MT 232N

RUDY STANKO,

Plaintiff and Appellant,

v.

JO ACTON, individually and in her capacity as Warden of

Montana Women's Prison; TOM DONAHUE, individually

and in his capacity as Associate Warden of Montana

Women's Prison; DIANA LEIBINGER-KOCH, individually

and in her capacity as Legal Counsel for the State of Montana,

by and through the Department of Corrections,

Defendants and Respondents.

APPEAL FROM: District Court of the Thirteenth Judicial District,

In and for the County of Yellowstone,

Honorable Diane G. Barz, Judge Presiding.

COUNSEL OF RECORD:

For Appellant:

Rudy Stanko, Pro Se, Billings, Montana

For Respondents:

Matthew S. Anderson-Robertson, Special Assistant Attorney General,

Helena, Montana

Submitted on Briefs: August 12, 1999

Decided: September 28, 1999

Filed:

Clerk

Chief Justice J. A. Turnage delivered the Opinion of the Court.

1. ¶Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent but shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

2. ¶ Rudy Stanko appeals from the order of the Thirteenth Judicial District Court, Yellowstone County, dismissing his complaint against the defendants and respondents for alleged infringement of his right to practice his religion. We affirm.

3. ¶The dispositive issues are:

4. ¶1. Whether the Clerk of Court properly refused to enter a default judgment.

5. ¶2. Whether the District Court erred in dismissing the complaint for failure to state a claim upon which relief could be granted.

6. ¶3. Whether the court erred in dismissing the claim for injunctive relief without a hearing.

7. ¶4. Whether the court erred in dismissing the pleading for a declaratory judgment without addressing the petition pursuant to Rule 57, M.R.Civ.P., and Title 28, Chapter 8, MCA.

8. ¶In June of 1998, Stanko filed a complaint in District Court asserting that he had been ordained a religious minister in the Church of the Creator in 1989. The complaint further stated that the defendants had terminated Stanko's visiting privileges with prisoners at the Montana Women's Prison in Billings, Montana. The reasons, as given in an October 1997 letter, were Stanko's criminal record, the belief that he would have a detrimental effect on the orderly operation of the institution, and the racially hateful nature of materials he had sent to inmates.

9. ¶Stanko contended that this violates his right to practice his religion as guaranteed under both the First Amendment to the United States Constitution and Article II, Section 5 of the Montana Constitution. He further alleged that the defendants engaged in a conspiracy to deprive him of his right to practice religion and that they violated his right to equal protection and his double jeopardy right (apparently by

punishing him a second time for a felony of which he had been convicted). In his complaint, Stanko sought declaratory judgment and injunctive relief. He further requested "monetary, punitive, and exemplary relief."

10. ¶On July 30, 1998, the defendants moved to dismiss for lack of jurisdiction pursuant to Rule 12(b)(1), M.R.Civ.P.; for insufficient service of process; and for failure to state a claim upon which relief can be granted. The District Court granted that motion. Stanko appeals.

## Issue 1

1. ¶Did the Clerk of Court properly refuse to enter a default judgment?
2. ¶On July 24, 1998, Stanko filed an affidavit in support of his damages in this action. He states that he demanded that the Yellowstone County Clerk of Court enter a default judgment against defendants Jo Acton and Tom Donahue, who were both served with process on June 30, 1998. Stanko further states that the Clerk of Court refused his demand.
3. ¶A clerk of court may enter default judgment only after the defendant's default has been entered pursuant to Rule 55(a), M.R.Civ.P. There is no indication in the record that Stanko moved for the entry of default of the above defendants, nor that he supported such a motion by affidavit or otherwise, as required under Rule 55(a), M. R.Civ.P.
4. ¶Further, the clerk may enter a default judgment only when the claim is for a sum certain or which can be made certain by computation. Rule 55(b)(1), M.R.Civ.P. Stanko's affidavit of damages stated that the damages he sought included unspecified amounts for "mental pain, distress, and anguish in the past and present." Such damages are not damages for a sum certain or which can be made certain by computation. *See Hoyt v. Ecklund* (1991), 249 Mont. 307, 310-311, 815 P.2d 1140, 1142. Stanko recognized as much in arguing that he was entitled to a jury trial.
5. ¶We conclude that the Clerk did not have authority to enter default judgment.

## Issue 2

1. ¶ Did the District Court err in dismissing the complaint for failure to state a claim upon which relief could be granted?
2. ¶The crux of Stanko's complaint is that his right to religious freedom was violated when he was prohibited from visiting inmates at the Women's Prison in Billings. He further contends that he has been denied equal protection of the law in that other

religious leaders have permission to visit inmates of the Women's Prison.

3. ¶Stanko has cited no authority for the proposition that his right to religious freedom gives him a right to proselytize wherever he pleases. Nor has he cited any authority that a member of the public has a right to enter a prison. "[P]risons are institutions where public access is generally limited." *Saxbe v. Washington Post Co.* (1974), 417 U.S. 843, 849, 94 S.Ct. 2811, 2814, 41 L.Ed.2d 514, 519, quoting *Washington Post Co. v. Kleindienst* (D.C. Cir. 1974), 494 F.2d 994, 999.

4. ¶Although Stanko contends that religious leaders other than himself are allowed to visit the Women's Prison, "there is no principle in the law granting to clerics an absolute right to enter a prison." *O'Malley v. Brierley* (3rd Cir. 1973), 477 F.2d 785, 793. Stanko concedes in his complaint that he is also a convicted felon. In making his equal protection argument, he has not asserted that other religious leaders who are convicted felons are allowed to visit the Women's Prison. Stanko has failed to plead that he belongs to a suspect class or that he is similarly situated to other ministers who are allowed to visit the Montana Women's Prison.

5. ¶Additionally, we note that the religion in which Stanko has apparently been ordained a minister, the Church of the Creator, has been denied tax exempt status as a religious organization. *See Church of the Creator, Inc. v. Commissioner of Internal Revenue Service* (11th Cir. 1983), 707 F.2d 491. Nor is the Church of the Creator listed on the Internal Revenue Service's current published list of tax-exempt organizations.

6. ¶The standard for dismissal under Rule 12, M.R.Civ.P., is whether, considering the facts in a light most favorable to the nonmoving party, any set of facts could be proven which would entitle that party to relief. *Hilands Golf Club v. Ashmore* (1996), 277 Mont. 324, 328, 922 P.2d 469, 471-72. Stanko has pled no basis under which he has a religious freedom right to enter the Montana Women's Prison without permission, nor have his pleadings established a basis under which prohibiting his entry to the prison may violate equal protection. We conclude that the court did not err in dismissing Stanko's complaint.

## Issue 3

1. ¶Did the court err in dismissing the claim for injunctive relief without a hearing?

2. ¶Although Stanko listed this as an issue, he made no argument on it in his initial brief. In his reply brief, Stanko listed a paragraph heading relating to this issue, but his discussion thereunder relates generally to the right of religious freedom, not to injunctive relief. We have discussed Stanko's claim concerning his right to religious

freedom under Issue 2 above.

3. ¶Because Stanko has failed to develop an argument on the issue of his right to a hearing on his claim for injunctive relief, we decline to address that issue further. *See Johansen v. State, Dept. of Natural Resources*, 1998 MT 51, ¶ 24, 288 Mont. 39, ¶ 24, 955 P.2d 653, ¶ 24 (this Court is not obligated to conduct legal research on a party's behalf, guess at the party's precise position, or develop a legal analysis which may lend support to that position).

## Issue 4

1. ¶Did the court err in dismissing the pleading for a declaratory judgment without addressing the petition pursuant to Rule 57, M.R.Civ.P., and Title 27, Chapter 8, MCA?

2. ¶Stanko correctly points out that a petition for declaratory judgment may demand the right to trial by jury, pursuant to Rule 57, M.R.Civ.P., and § 27-8-302, MCA. He asserts that dismissal of this action violates his due process rights; Rule 57, M.R.Civ. P.; and Title 27, Chapter 8, MCA, concerning declaratory judgments.

3. ¶The right to demand a jury trial does not preclude the dismissal of an action in which the plaintiff has failed to state a claim as a matter of law. *See Federal Land Bank of Spokane v. Snider* (1991), 247 Mont. 508, 513-14, 808 P.2d 475, 478-79. Because the District Court correctly concluded that Stanko's complaint failed to state a claim, he retains no right to a jury trial.

4. ¶Given the resolution of the above issues, it is unnecessary that we address whether the dismissal of Stanko's complaint was also justified because of his failure to exhaust administrative remedies. We affirm the decision of the District Court.

/S/ J. A. TURNAGE

We concur:

/S/ JAMES C. NELSON

/S/ WILLIAM E. HUNT, SR.

/S/ JIM REGNIER

/S/ W. WILLIAM LEAPHART