No. 82-174

IN THE SUPREME COURT OF THE STATE OF MONTANA

ALVIN R. ENSLEY,

Plaintiff and Respondent,

vs.

MICHAEL MURPHY, a/k/a
PHILLIP ERNEST KRINER,

Defendant and Appellant.

Appeal from: District Court of the Fourth Judicial District,
In and for the County of Missoula
Honorable John Henson, Judge presiding.

Counsel of Record:

For Appellant:

Tipp, Hoven, Skjelset & Frizzell, Missoula, Montana
Thomas Frizzell, Missoula, Montana

For Respondent:

Theodore J. Cowan, Missoula, Montana

Submitted on briefs: November 5, 1982

Decided: February 10, 1983

Filed: FEB 1 0 1983

*Ethel M. Harrison*
Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

Following an order to show cause hearing, the District Court ordered that plaintiff take temporary possession of defendant's 1965 Kenworth diesel truck. Defendant appeals.

Plaintiff/respondent initiated this action by filing a complaint in the Superior Court of the State of Washington in and for the County of King, alleging breach of contract, replevin, misrepresentation and tort of outrage. The complaint arose out of an oral agreement between plaintiff and defendant in Washington in June 1981, whereby plaintiff loaned defendant $15,000 at 24 percent interest to purchase a 1965 Kenworth diesel truck and defendant was to grant plaintiff an oral security interest in the truck and repay the loan at the rate of $500 per month. The certificate of title was in appellant Murphy's name, and there was no leasehold recorded. Plaintiff also alleges he was to receive the greater of $350 per month or 10 percent of the defendant's net receipts from hauling freight with the truck. None of the agreement was in writing. Defendant paid plaintiff $1,000 and then made no other payments.

When plaintiff located defendant and defendant's truck in Missoula, Montana, plaintiff filed a complaint in the Fourth Judicial District, in and for the County of Missoula, alleging breach of contract, replevin, misrepresentation and tort of outrage. This complaint was filed on January 20, 1982. Along with the complaint, plaintiff filed a motion requiring defendant to appear and show cause why an injunction pendente lite should not be issued restraining defendant from removing the truck from its location in Missoula during the pendency of this action, and further for an order requiring defendant to appear and show cause why plaintiff should not obtain temporary possession of the truck pending the outcome of this action. Following the show cause hearing on February 17, 1982, and February 22, 1982, the District Court ordered the plaintiff take immediate temporary possession

of the truck pending the outcome of this action. The District Court further ordered plaintiff to pay all outstanding towing and storage charges on the truck and to post a $16,000 bond to insure the return of the truck in the event of an adverse ruling. The District Court allowed plaintiff to operate the truck to mitigate his damages and to apply $500 of any profits to defendants' outstanding obligation and to pay any amounts over $500 to the clerk of court to be held pending the outcome of this action. Defendant appeals from the District Court's order claiming the order is appealable pursuant to Rule 1(b), M.R.App.Civ.P. for the reason that the order grants an injunction and directs the delivery, transfer or surrender of property.

The issues raised on appeal are as follows:

1. Whether the District Court abused its discretion in issuing a preliminary injunction contrary to Montana law.

2. Whether the District Court erred by entering a preliminary injunction without making findings of fact or conclusions of law or giving any statement of its reasons for granting the injunction.

Although two issues were raised by appellant, the case can be disposed of by answering the first issue by vacating the trial court's decision of granting a preliminary injunction.

While a preliminary injunction may be issued to protect the parties from damage during pendency of the suit and maintain the status quo pending final determination of the cause on the merits, Porter v. K & S Partnership (1981), ____ Mont. ____, 627 P.2d 836, here the court's order failed to preserve the status quo. It determined substantive property rights and did not follow our statutes and rules directing the court to issue findings of fact and conclusions of law at the time he issued the injunction. See 27-19-201(4), MCA, see Rule 52(a), M.R.Civ.P.

The preliminary injunction is vacated and the cause returned to the District Court.

_Con way Morrison_
Justice

- 3 -

We concur:

_____
Chief Justice

_____

_____
Justices

Mr. Chief Justice Frank I. Haswell:

I concur in the result.

_____
Chief Justice

Mr. Justice Frank B. Morrison, Jr., dissenting:

In my opinion, the District Court fashioned an equitable remedy which was not an injunction. Since the remedy was not injunctive, the court's order is not appealable, and I would therefore not entertain jurisdiction of this matter.

_____
Justice

- 4 -