JUSTICE HUNT
delivered the opinion of the Court.
Defendant and appellant, Russell G. Eklund, doing business as Eklund Enterprises, appeals from an order of the District Court of the Eighth Judicial District, Cascade County, denying his motion to set aside a default and default judgment. We reverse and vacate the default and default judgment.
The issues raised on appeal are as follows:
1. Did the District Court err in refusing to set aside a default judgment entered by the clerk of court when the plaintiff’s claim was not for a sum certain or for a sum capable of being made certain by computation?
2. Did the District Court abuse its discretion in refusing to set aside the entry of default?
Plaintiff and respondent, John C. Hoyt, contracted with the defendant to construct a residence on property located in Cascade County. The facts surrounding the project are disputed and unclear from the record. The plaintiff alleges that the defendant did not complete construction and abandoned the project. The plaintiff claims that much of the work had to be redone. The defendant, on the other hand, asserts that the plaintiff made numerous changes and modifications in the plans, and that the plaintiff owes him $39,548 for materials and labor.
The defendant filed a mechanic’s lien against the home and retained the law firm of Small, Hatch, Doubek & Pyfer to represent him. In April and May 1989, the plaintiff and one of the partners in the firm exchanged a series of letters regarding the plaintiff’s problems with the construction. On May 16, 1989, the attorney inspected the house and asked the plaintiff for a list of specific complaints. On May 23, 1989, the plaintiff forwarded to the attorney *309 a ten-page memo detailing defects in the house. On May 26,1989, the plaintiff sent another letter to the attorney, describing an additional problem with the dwelling. The attorney failed to reply to either letter, and on July 5, 1989, the plaintiff again wrote, asking the attorney to please respond. When the attorney still failed to reply, the plaintiff on July 18,1989, wrote directly to the defendant, threatening him with a lawsuit.
Neither party took further action in the matter until April 3,1990, when another partner in the firm representing the defendant filed a complaint to foreclose on the mechanic’s lien. The plaintiff was not served, however, as the attorney intended to undergo discovery on the matter before completing service.
On May 24,1990, the plaintiff wrote to the second attorney, stating that he understood that the lien foreclosure action had been commenced and suggesting that the attorney serve him so that he might appear with a counterclaim. In the letter, the plaintiff indicated that he would wait one week to determine the defendant’s intentions and that he would file a separate suit if he did not receive a reply. The following day, angry that yet another problem with the house had appeared, the plaintiff again wrote to the second attorney, stating that he was proceeding to file a complaint against the defendant and that he would consent to consolidate the action with the hen foreclosure suit. He received no reply to either letter.
On May 29, 1990, the plaintiff filed the complaint in this action. The defendant was personally served on the same day. The defendant forwarded a copy of the summons and complaint to the second attorney the following day. The second attorney, however, never received the complaint and therefore did not appear on behalf of the defendant.
On July 12,1990, the clerk of court entered the defendant’s default. On August 8, 1990, pursuant to the plaintiff’s affidavit, the clerk entered a default judgment against the defendant in the amount of $86,000.
The defendant learned of the default on September 17,1990. That day, he called the second attorney to inquire about the status of the action and discovered for the first time that the attorney had not received the summons and complaint by mail and that the attorney was unaware that an action had been started by the plaintiff.
On September 21, 1990, the defendant filed a motion to set aside the default judgment and consolidate the plaintiff’s complaint with the lien foreclosure action. Oral argument was held on the matter, *310 after which the District Court denied the motion. This appeal followed.
The defendant first argues that the District Court erred in failing to set aside the default judgment entered by the clerk of court when the plaintiff’s claim was not for a sum certain or a sum capable of being made certain by computation. We agree.
Rule 55(b), M.R.CiwR, delineates the procedure for obtaining a default judgment. It provides in pertinent part:
Judgment by default may be entered as follows:
“(1) By the clerk. When the plaintiff’s claim against a defendant is for a sum certain or for a sum which can by computation be made certain, the clerk upon request of the plaintiff and upon affidavit of the amount due shall enter judgment for that amount and costs against the defendant, if he has been defaulted for failure to appear and if he is not an infant or incompetent person, and has been personally served. No judgment by default shall be entered by the clerk when service has been by publication.
“(2) By the court. In all other cases the party entitled to a judgment by default shall apply to the court therefore .... If the party against whom judgment by default is sought has appeared in the action, he ... shall be served with written notice of the application for judgment at least 3 days prior to the hearing on such application. If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper and shall accord a right of trial by jury to the parties when and as required by any statute of the state of Montana. (Emphasis added.)” Rule 55(b), M.R.Civ.P.
Under the rule, the clerk of court may enter a default judgment against a party who has been served but who has failed to appear if the claim against the party is for a sum certain or a sum capable of being made certain by computation. Rule 55(b)(1), M.R.Civ.P. If the amount of the claim is not for a sum certain or a sum capable of being made certain by computation, the party seeking the default judgment must apply to the district court, which may hold a hearing on the matter. Rule 55(b)(2), M.R.Civ.P
In the complaint filed in the present case, the plaintiff failed to specify the numerical amount of his claim. Instead, he sought monies *311 compensating him for an uninhabitable dwelling, rebuilding or completing the residence, and emotional distress. He also sought punitive damages, prejudgment interest, costs, and attorney's fees. In the affidavit accompanying his praecipe for default judgment, he stated:
“Plaintiff will have to expend the sum of at least $86,000.00 to correct the gross, shoddy workmanship performed by Defendant and re-do a substantial portion of the dwelling, including replacing all doors, painting, installing adequate heating and air conditioning, and replacing items improperly installed or built by Defendant as well as completing said dwelling. (Emphasis added.)”
The sum of $86,000 was merely an estimate of the amount of damages the plaintiff expected to incur in completing the house. The damages did not constitute a sum certain and were not capable of being made certain by computation. Therefore, the clerk of court did not have the authority to enter the default judgment. The District Court committed reversible error in refusing to vacate the default judgment.
The defendant next argues that the District Court abused its discretion in refusing to set aside the entry of default. Once again, we agree.
The policy of the law is to favor trial on the merits. Consequently, no great abuse of discretion need be shown to warrant a reversal of a district court order denying a motion to set aside a default. Lords v. Newman, 212 Mont. 359, 366, 688 P.2d 290, 294 (1984).
Rule 55(c), M.R.Civ.P, allows the district court to set aside an entry of default and a default judgment. It provides in pertinent part:
“For good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b).”
Rule 55(c), M.R.Civ.P.
In Cribb v. Matlock Communications, Inc., 236 Mont. 27, 30, 768 P.2d 337, 339 (1989), this Court distinguished the standard for setting aside an entry of default from the standard for vacating a default judgment. We noted that an entry of default may be set aside upon a showing of “good cause,” which is a more flexible and lenient standard than the requirements for vacating a default judgment under Rule 60(b), M.R.Civ.P. We held that the district court should consider the following factors when determining if the defendant has shown good cause for setting aside an entry of default:
“(1) [WJhether the default was willful, (2) whether the plaintiff *312 would be prejudiced if the default should be set aside, and (3) whether the defendant has presented a meritorious defense to plaintiff’s claim.”
Cribb, 236 Mont. at 30, 768 P.2d at 339. We additionally held that the court must balance the interests of an adjudication of the claim on the merits against the interests of the “orderly and timely administration of justice.” Cribb, 236 Mont. at 30, 768 P.2d at 339.
The facts here do not establish willfulness by the defendant or his attorneys. At most, this situation presents a case of excusable neglect by the defendant for failing to follow-up on the status of the complaint and a possible mistake in delivery of the letter containing the summons and complaint. Admittedly, the defendant’s attorneys should have responded to the plaintiff’s correspondence. However, threats of lawsuits are common among disgruntled individuals, threats that are not always carried out. In fact, in this case the plaintiff had warned the defendant that he would file suit over ten months before he actually commenced the action. In addition, the plaintiff will not be prejudiced by setting aside the default. As soon as he discovered the default, the second attorney diligently pursued the lawsuit by promptly moving to set aside the judgment. Only a few months elapsed between filing the complaint and the motion to set aside. The plaintiff’s ability to prosecute the action was not impaired by this delay in defending the suit.
Finally, with the mechanics lien foreclosure suit, the defendant offered a defense to plaintiff’s complaint that, if proven, is meritorious. Although the plaintiff argues that the defendant is liable for damages arising out of the defendant’s shoddy construction effort, the defendant contends that the plaintiff owes him money for the work performed on the residence.
We conclude that in the present case the District Court abused its discretion in refusing to set aside the entry of default. Considering the fact that the defendant’s suit to foreclose the mechanic’s lien arises out of the same set of facts as the case at hand, the administration of justice may very well be aided by allowing an adjudication on the merits of both claims.
We reverse and vacate the default and the default judgment. The case is remanded for further proceedings consistent with this opinion.
CHIEF JUSTICE TURNAGE and JUSTICES HARRISON, McDONOUGH, GRAY and WEBER concur.