No. 96-461

IN THE SUPREME COURT OF THE STATE OF MONTANA

1997


KEVIN L. WALDHER,

Plaintiff and Respondent,

v.

FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver
for BANK OF COLUMBIA FALLS, JETTE RANCH, INC.,
SOGELEASE CORPORATION, 5 P's COLLECTIONS, INC.
d/b/a INTERMOUNTAIN COLLECTIONS, MICHAEL LEAHY,
and their assigns or successors in interest, and
all persons unknown who claim any right, title,
estate or interest in or lien or encumbrance upon
the real property described in the Complaint, or
any part thereof, adverse to Plaintiff's ownership
or any claim upon Plaintiff's title thereto, whether
such claim or possible claim be present or contingent,
including any claim or possible claim of elective
share, inchoate or accrued,

Defendants and Appellants.


APPEAL FROM:   District Court of the Twentieth Judicial District,
In and for the County of Lake,
The Honorable C. B. McNeil, Judge presiding.


COUNSEL OF RECORD:

For Appellants:

Ward E. Taleff; Alexander, Baucus,
Taleff & Paul; Great Falls, Montana

For Respondent:

Matthew H. O'Neil; French, Mercer,
Grainey & O'Neil; Polson, Montana


Submitted on Briefs: January 2, 1997

Decided: March 18, 1997
Filed:

_____
Clerk


Justice Terry N. Trieweiler delivered the Opinion of the Court.

Kevin L. Waldher's predecessor in interest filed a quiet title action in the District Court for the Twentieth Judicial District in Lake County, and served defendant Federal Deposit Insurance Corporation (FDIC) with a summons and complaint.  The District Court entered FDIC's default based on FDIC's failure to file an answer to the complaint.  FDIC moved the District Court to set aside the entry of default.  The District Court denied FDIC's motion.  FDIC appeals the District Court's order which denied its motion to set aside the default.  We reverse the order of the District Court and remand to that court for proceedings consistent with this opinion.

On appeal, we address the issue of whether the District Court abused its discretion when it denied FDIC's motion to set aside the default judgment.

### FACTUAL BACKGROUND

On October 12, 1993, Lonna Leahy filed a quiet title action in the Twentieth Judicial District Court.  Defendant FDIC was served with a summons and complaint on December 14, 1993.  In early February, Leahy orally granted FDIC a thirty-day extension of time

in which to file an answer to the complaint. After the informal extension had expired, Leahy notified FDIC's attorney that FDIC was in "technical default." At that time, however, Leahy did not move the District Court for entry of a default, and the parties continued to negotiate Leahy's quiet title claim. On October 6, 1994, FDIC's attorney appealed to Leahy for a response to the negotiations "so that we can either dismiss the action or file an answer."

On May 17, 1995, Leahy moved the District Court for an entry of default against FDIC for its failure to file a timely answer. The District Court granted Leahy's motion on May 24, 1995, and entered default against FDIC. FDIC immediately retained local counsel to continue negotiations with Leahy. On June 13, 1995, after conferring with Leahy, FDIC's local counsel wrote to Leahy:

To confirm our discussion, I informed you of my representation of FDIC. Rather than requiring me to move to set aside the default of FDIC (if you feel you can't stipulate to that result), we agreed to try to cooperate in the next few weeks to see if there is a way to defeat the Sogelease Corporation judgment lien . . . . If that isn't acceptable, or if you would prefer that I take steps now to set aside the default, please let me know immediately.

On August 23, 1995, Kevin L. Waldher was substituted for Lonna Leahy as party plaintiff in the quiet title action. When FDIC sought to confirm its understanding about the negotiations with Waldher's counsel, it was informed that Waldher would not agree to set aside FDIC's default. Therefore, on February 28, 1996, FDIC filed a motion with the District Court to set aside the default. On July 12, 1996, the court summarily denied FDIC's motion.

DISCUSSION

The issue in this case is whether the District Court abused its discretion when it denied FDIC's motion to set aside the default judgment.

Rule 55(c), M.R.Civ.P., provides that "[f]or good cause shown the court may set aside an entry of default." The policy of law is to favor a trial on the merits. Therefore, no great abuse of discretion need be shown to warrant a reversal of a district court order denying a motion to set aside a default. In re Marriage of Broere (1994), 263 Mont. 207, 209, 867 P.2d 1092, 1093; Hoyt v. Eklund (1991), 249 Mont. 307, 311, 815 P.2d 1140, 1142. Our standard of review of a district court's refusal to set aside a

default is whether there was a slight abuse of discretion by the court. Twenty-Seventh Street, Inc. v. Johnson (1986), 220 Mont. 469, 471, 716 P.2d 210, 211.

In Blume v. Metropolitan Life Insurance Co. (1990), 242 Mont. 465, 467, 791 P.2d 784, 786, this Court set forth the factors necessary to establish good cause to set aside a default. We stated that a defendant must show: (1) that he proceeded with diligence; (2) that his neglect was excusable; (3) that the judgment, if permitted to stand, will affect him injuriously; and (4) that he has a defense to plaintiff's cause of action on the merits. Blume, 242 Mont. at 467, 791 P.2d at 786. See also Marriage of Broere, 263 Mont. at 209, 867 P.2d at 1094.

In this case, the evidence presented by FDIC demonstrates that it proceeded with diligence to set aside the default entered against it, even though its motion to do so was not filed immediately. In support of its motion to the District Court, FDIC submitted affidavits from two of its attorneys in which they stated there had been an understanding between the parties that FDIC would postpone an effort to set aside the court's entry of default pending ongoing settlement negotiations. In addition, FDIC submitted correspondence between the parties which illustrated its good faith belief that it would not be prejudiced by a delay in filing a motion to set aside the default. Both the correspondence and the affidavits clearly establish that the parties were attempting to reach a settlement and that FDIC believed that a motion to set aside the default would not be required until its attorneys were advised by the plaintiff's attorney that such action was necessary. Furthermore, the record is clear that FDIC proceeded with diligence and attempted to set aside the default as soon as it became aware that plaintiff's new counsel did not share FDIC's view of the parties' agreement and intended to enforce the entry of default.

The evidence presented by FDIC further demonstrates that its failure to file an answer was not due to inexcusable neglect or disrespect for the court or judicial process. See Blume, 242 Mont. at 469, 791 P.2d at 787. An affidavit filed by Leahy's attorney confirms that Leahy orally consented to a thirty-day extension of time in which FDIC could file an answer to her complaint. In addition, FDIC's attorney affidavits and correspondence with Leahy demonstrate that the parties continued to negotiate Leahy's quiet title claim after the expiration of that thirty-day period with the understanding that FDIC could postpone filing its answer. In fact, in a letter dated October 6, 1994, FDIC's attorney appealed to

Leahy for a response to the negotiations "so that we can either dismiss the action or file an answer." (Emphasis added.)  When FDIC's attorney received Leahy's motion seeking entry of default in May 1995, he was out of his office attending a seminar.  The hearing had already occurred by the time FDIC's attorney was made aware of that motion.  The affidavits and exhibits presented by FDIC, which at the very least establish a misunderstanding between the parties regarding the necessity of a timely answer by FDIC, support FDIC's assertion that its failure to file an answer to Leahy's complaint was due to excusable neglect.

In addition, at the time FDIC filed its motion to set aside the default, it also filed a proposed answer to the plaintiff's complaint.  In the proposed answer, FDIC asserted two affirmative defenses which, if true, would constitute meritorious defenses to the complaint.  It is well established that "[t]he proposed answer does not have to demonstrate the truth of the allegation of the answer, and it is not appropriate to discuss the merits of the answer beyond finding a prima facie defense."  Blume, 242 Mont. at 470, 791 P.2d at 787.  We hold that FDIC's proposed answer constitutes adequate documentation of its defenses to the quiet title action.

Finally, it is clear that if the entry of default is allowed to stand, FDIC will lose any ability to assert its interest in the real property at issue.  Such a loss will clearly affect FDIC injuriously.

We hold that FDIC has established that it proceeded with diligence under the circumstances, that its neglect was excusable, that it has a defense to the quiet title action, and that the entry of judgment, if permitted to stand, will affect it injuriously. Therefore, in light of FDIC's showing of good cause to set aside the entry of default, and in light of the clear policy which favors adjudication on the merits, we hold that the District Court abused its discretion when it denied FDIC's motion to set aside the entry of default.  We reverse the order of the District Court which denied FDIC's motion and remand to that court for proceedings consistent with this opinion.

/S/  TERRY N. TRIEWEILER

We Concur:

```
/S/   WILLIAM E. HUNT, SR.
/S/   JAMES C. NELSON
/S/   W. WILLIAM LEAPHART
/S/   KARLA M. GRAY
```