DA 09-0096

## IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2010 MT 35

LINDA PRESCOTT,

       Plaintiff and Appellant,

  v.

INNOVATIVE RESOURCE GROUP, LLC.,
a foreign limited liability company, d/b/a
APS HEALTHCARE MIDWEST,

       Defendant and Appellee.

APPEAL FROM:    District Court of the Thirteenth Judicial District,
In and For the County of Yellowstone, Cause No. DV 2008-0014
Honorable G. Todd Baugh, Presiding Judge

COUNSEL OF RECORD:

       For Appellant:

       Penelope S. Strong, Attorney at Law, Billings, Montana

       For Appellee:

       Steven J. Lehman, Christopher C. Stoneback, Crowley Fleck PLLP,
Billings, Montana

       Submitted on Briefs:  January 27, 2010

       Decided:  February 16, 2010

Filed:

_____
Clerk

Justice Patricia O. Cotter delivered the Opinion of the Court.

¶1 Linda Prescott (Prescott) sued her former employer, APS Healthcare Midwest (APS), for wrongful discharge. Following a trial, the jury delivered a verdict for APS. APS sought attorney fees and costs. The Thirteenth Judicial District Court held a hearing on fees and costs, at the conclusion of which it granted APS's motion. Prescott appeals this ruling. We affirm.

## ISSUES

¶2 Prescott presents the following issues on appeal.

¶3 Should this Court review the designated errors in this case pursuant to the "plain error rule" of M. R. Evid. 103(d)?

¶4 Did the District Court err by granting Prescott's former counsel's motion to withdraw, given she had not consented to such withdrawal and opposing counsel had not provided the required notice?

¶5 Does § 39-2-915, MCA, violate the Montana Constitution's guarantees of access to the courts and a jury trial?

¶6 Does § 39-2-915, MCA, violate the equal protection clause of Section 4, Article II of the Montana Constitution?

¶7 Did the District Court err by failing to make findings of fact and conclusions of law as to the award of attorney fees and costs?

## FACTUAL AND PROCEDURAL BACKGROUND

¶8 In January 2008, Linda Prescott, who was represented by Attorney Beiswanger at the time, sued her former employer, APS, for wrongful discharge. She sought lost wages,

earnings, and benefits, as well as other relief deemed just and proper by the District Court. APS responded that Prescott's discharge was justified. Subsequently, APS offered to submit the matter to binding arbitration. The letter to Prescott extending this offer indicated that if arbitration was refused, APS would seek attorney fees in accordance with § 39-2-915, MCA, in the event it prevailed at trial. The record does not include Prescott's response to the letter, but it is apparent arbitration did not occur and a jury trial was held in November 2008. At the conclusion of the trial, the jury delivered a verdict in favor of APS. Shortly thereafter APS submitted its Bill of Costs and Attorney's Fees, seeking to recover both. On November 24, 2008, Prescott moved the court to tax the costs incurred in the action rather than award the costs claimed by APS.

¶9 The District Court set a hearing on costs for January 2, 2009. In the meantime, Prescott's counsel moved to withdraw as counsel for Prescott. The court rescheduled the cost hearing for January 16, and indicated Beiswanger's withdrawal motion would be taken up at that hearing. On January 16, the court stated at the outset of the hearing that the withdrawal motion would be addressed; however, the court never addressed it. The hearing was devoted exclusively to the issue of fees and costs. At the conclusion of the hearing, the District Court granted APS's motion for fees and costs. Beiswanger acted as counsel for Prescott throughout the hearing.

¶10 On January 20, the court issued its judgment and awarded $33,919.94 to APS in fees and costs. It also issued an order granting Beiswanger's motion to withdraw as of January 16 at 5:00 p.m., stating that Prescott "in open Court" advised that she consented to the motion of her attorney. On February 17, 2009, Prescott, representing herself, filed

3

a Notice of Appeal of the court's Final Judgment awarding costs and fees to APS. On March 23, 2009, Attorney Strong filed a Notice of Appearance on behalf of Prescott and represents Prescott in this appeal.

## DISCUSSION

¶11 Prescott argues on appeal that § 39-2-915, MCA, is unconstitutional because it violates certain constitutional rights, specifically her right to access the courts, her right to a jury trial and her right to equal protection. Section 39-2-915, MCA, which is contained in the chapter addressing wrongful discharge from employment, provides: "A party who makes a valid offer to arbitrate that is not accepted by the other party and who prevails in an action under this part is entitled as an element of costs to reasonable attorney fees incurred subsequent to the date of the offer." Prescott acknowledges that she did not challenge the constitutionality of this statute in the District Court but urges us to review it nonetheless pursuant to the "plain error rule" in M. R. Evid. 103(d), because her substantial rights are affected.

¶12 APS responds that Prescott knew from the beginning of the District Court proceeding that APS would seek fees and costs under § 39-2-915, MCA, and never raised a constitutionality issue before the District Court. Therefore, in accordance with our established caselaw, she cannot raise the issue for the first time on appeal. Moreover, APS claims Prescott did not provide the constitutional challenge notice to the District Court or to the Montana Attorney General as required by M. R. Civ. P. 24(d).

¶13 APS also asserts that we should not invoke the plain error doctrine to consider the constitutionality of the challenged statute. It maintains that this is not an "exceptional

4

case" warranting application of the doctrine because, despite Prescott's assertion to the contrary, her substantial rights were not affected. APS declares that Prescott, while represented by counsel, had early notice of APS's intention to seek fees under § 39-2-915, MCA, and she had "her day in court" at the fees and costs hearing. APS insists that our refusal to review the alleged errors will not result in "a manifest miscarriage of justice" or "compromise the integrity of the judicial process." As such, APS argues that we should not address Prescott's constitutional issues.

¶14 It is indisputable that Prescott did not raise any constitutional challenge before the District Court nor, as a result, did she provide the requisite notice to the court and the Attorney General. We have held on numerous occasions that we will not put a district court in error for failing to address an issue or an argument that was not made before it. *Signal Perfection, Ltd. v. Rocky Mt. Bank - Billings*, 2009 MT 365, ¶ 13, 353 Mont. 237, ___ P.3d. ___ (citation omitted). Moreover, while Prescott submits numerous conclusory statements about becoming a "judgment debtor" to APS, she fails to develop an adequate factual record upon which we can rely in reviewing application of the statute to her case under the plain error doctrine. For these reasons, we decline to address Prescott's constitutional challenges to § 39-2-915, MCA.

¶15 Prescott also argues that the District Court failed to make factual findings and conclusions of law pertaining to the award of fees and costs. For one thing, she opines that the record contains no evidence that she refused APS's offered arbitration nor did the District Court make a specific finding that she did so. She claims that a refusal of an offer of arbitration is an "essential component of an award of attorneys fees pursuant to

Sec. 39-2-915, M.C.A.," and without an express finding of refusal, the court abused its discretion in awarding fees. In addition, she argues that the court's order awarding fees is inadequate.

¶16 We review a district court's grant or denial of attorney fees and costs for an abuse of discretion. *Trustees of Indiana University v. Buxbaum*, 2003 MT 97, ¶ 15, 315 Mont. 210, 69 P.3d 663. We acknowledge that the court's written order awarding costs and fees to APS consisted of a single sentence. We note however that during the cost and fees hearing, the court addressed on the record each of the factors set forth in *Plath v. Schonrock*, 2003 MT 21, ¶ 36, 314 Mont. 101, 64 P.3d 984, in determining the reasonableness of attorney fees. While it is the better practice for a court to set forth this analysis and evaluation in its order awarding fees, we do not conclude that the court's failure to include this evaluation in its written order was an abuse of discretion justifying reversal of the court's order.

¶17 As to Prescott's argument that the court failed to make a specific finding that she refused the offer of arbitration, we conclude that such is implicit given the fact that the offered arbitration never took place, the matter proceeded to trial, and there was no motion made by Prescott to strike the prayer for fees presented pursuant to the statute. Nor does Prescott assert on appeal that she actually agreed to arbitrate in response to APS's offer. We therefore decline to set aside the court's order of fees on this basis.

¶18 Lastly, Prescott submits that she was prejudiced by her counsel's withdrawal and APS's failure to provide notice to her as required by Uniform District Court Rule 10

6

(Rule 10), as she may have otherwise pursued the prospect of filing post-trial motions. Rule 10(b)(2) specifically requires:

> When the attorney representing a party to an action . . . withdraws . . . that party, before any further proceedings are had against him must be given notice by any adverse party [of]: (2) [t]he date of the trial or of the next hearing or action required in the case . . . .

¶19 It is undisputed that APS did not provide Rule 10 notice to Prescott after the District Court's January 20 order granting Beiswanger's request to withdraw as counsel for Prescott. However, by the time the court granted Beiswanger's motion, the case was essentially over. There were no "further proceedings" to be had against Prescott in the matter, as the jury trial was concluded as was the hearing on costs and fees. By its terms, Rule 10 does not obligate the adverse party to advise his opponent regarding the option or possibility of pursuing post-trial proceedings in the district court. While we do not condone the failure by APS to abide by Rule 10, we conclude that under these circumstances, such failure does not require that we reverse the District Court's decision.

## CONCLUSION

¶20 For the foregoing reasons, we affirm the District Court's award of reasonable costs and fees to APS.

/S/ PATRICIA O. COTTER

We concur:

/S/ MIKE McGRATH
/S/ W. WILLIAM LEAPHART
/S/ MICHAEL E WHEAT
/S/ JIM RICE

7