DA 10-0098

IN THE SUPREME COURT OF THE STATE OF MONTANA

2010 MT 211N

IN THE MATTER OF THE
CONSERVATORSHIP OF:

DEZIRET ADAIR,

      A minor.

APPEAL FROM:    District Court of the Eighteenth Judicial District,
In and For the County of Gallatin, Cause No. DG 08-4C
Honorable John C. Brown, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Geoffrey C. Angel, Angel Law Firm, Bozeman, Montana

      For Appellee:

          J. Fred Simpson, Stefan Farr; Bohyer, Simpson & Tranel, P.C.,
Missoula, Montana

                      Submitted on Briefs:  September 15, 2010

                                Decided:  October 5, 2010

Filed:

              _____
                            Clerk

W. William Leaphart delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2006, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court, and its case title, Supreme Court cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Deziret Adair appeals the ruling of the District Court that she was not entitled to recover attorney's fees incurred in a conservatorship proceeding. The conservatorship proceeding arose out of a motorcycle accident occurring in June of 2007, when Adair was 16 years of age. Adair was a passenger on the motorcycle, which was uninsured. She subsequently made a claim for uninsured motorist benefits under a policy issued by Safeco Insurance Company of Illinois ("Safeco"). All parties agreed that the $25,000 policy limit would be exceeded by Adair's injuries. Safeco petitioned the District Court to appoint Adair's mother, Shauna Thompson, as special conservator for the limited purpose of accepting the maximum amount payable under the policy. Adair and Thompson objected to the appointment of a conservatorship as unnecessary and burdensome, among other contentions.

¶3 In a February 2008 hearing, the District Court appointed Thompson as conservator over Adair and Thompson's objections, noting that § 72-5-410(1)(e), MCA, prioritized Thompson's appointment as conservator as Adair's parent. Thompson continued to refuse her appointment, and requested through counsel that Safeco wait until Adair

2

turned 18 in September 2008 to dispense the settlement funds. Safeco complied with this request and sent the full amount to Adair's counsel on September 11, 2008. Three months later, Adair and Thompson filed a motion for attorney's fees incurred in appearing and contesting Safeco's conservatorship petition. The District Court denied the motion, finding Adair's arguments as to why she was entitled to attorney's fees unpersuasive, and finding the motion untimely as Adair had not requested an award of attorney's fees at any time during the prior proceedings and had waited a full six months after the conservatorship appointment to file. Adair also filed suit in United States District Court, seeking to recover attorney's fees incurred in the conservatorship proceeding and damages under the Montana Unfair Trade Practices Act in the handling of her claim. The U.S. District Court denied Adair's motion for attorney's fees in May of 2010.

¶4 The state District Court dismissed the conservatorship proceeding in February of 2010 on Safeco's motion. Adair appeals from the order of the District Court of January 5, 2009, denying her motion for attorney's fees.

¶5 We review a District Court's grant or denial of attorney's fees for an abuse of discretion. *Prescott v. Innovative Resource Group, LLC*, 2010 MT 35, ¶ 16, 355 Mont. 220, 225 P.3d 1253. Adair admits that she is not entitled to attorney's fees under statute or contract, but urges us to adopt her view that she is entitled to the fees under the "insurance exception" to the general rule that each party pays its own fees unless otherwise provided by statute or contract. The "insurance exception," in brief, holds that a party forced to litigate in order to receive the full benefit owed them under an insurance

3

policy is entitled to the attorney's fees incurred in such litigation. *Jacobsen v. Allstate Ins. Co.*, 2009 MT 248, ¶ 22, 351 Mont. 464, 215 P.3d 649, citing *Mountain West Farm Bureau Mut. Ins. Co. v. Brewer*, 2003 MT 98, ¶ 36, 315 Mont. 231, 69 P.3d 652.

¶6      Here, however, Adair was not forced to litigate to receive the full benefit owed her under the policy. Safeco agreed to pay the full amount available to Adair under the policy, and did so. Adair's decision to contest the conservatorship proceeding was not related to obtaining the full benefit of the policy. Safeco agreed to pay out the full amount available under the policy *before* Adair hired counsel and before any court action, and subsequently did pay out that amount. Adair gained no additional benefit and was not forced to litigate to receive the full amount owed her. We cannot square Adair's claim that there existed an "overwhelming need for counsel to protect her interests in the conservatorship proceeding," with the fact that Safeco had already agreed to pay her the full amount and instituted the conservatorship proceeding for the sole purpose of dispensing the funds to Adair through her mother (as Adair was a minor). Any alleged trouble over the release sought by Safeco cannot overcome the simple fact that Adair did not need to litigate to recover the full benefit under the policy, and therefore the insurance exception does not apply.

¶7      In any case, especially as Adair's motion was filed months after the conclusion of the proceedings and payment of the full amount due under the policy, we cannot conclude that the District Court abused its discretion in dismissing the motion.

¶8      We have decided to determine this case pursuant to Section I, Paragraph 3(d) of our 1996 Internal Operating Rules, as amended in 2006, which provides for

4

memorandum opinions. It is manifest on the record before us that the District Court did not err in its disposition of this matter. We therefore affirm.

/S/ W. WILLIAM LEAPHART

We concur:

/S/ MIKE McGRATH
/S/ MICHAEL E WHEAT
/S/ JAMES C. NELSON
/S/ JIM RICE