FILED

May 8 2012

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

DA 11-0668

IN THE SUPREME COURT OF THE STATE OF MONTANA

2012 MT 102

JENNIFER and ELO NIELSEN,

        Plaintiffs and Appellees,

  v.

ANDREAS HORNSTEINER,

        Defendant and Appellant.


APPEAL FROM:    District Court of the Nineteenth Judicial District,
                      In and For the County of Lincoln, Cause No. DV-10-303
                      Honorable James B. Wheelis, Presiding Judge


COUNSEL OF RECORD:

        For Appellant:

                Thomas T. Tornow, Attorney at Law, Whitefish, Montana

        For Appellees:

                Amy N. Guth, Attorney at Law, Libby, Montana


                            Submitted on Briefs:  April 17, 2012

                                      Decided:  May 8, 2012


Filed:

                  _____
                                Clerk

Justice James C. Nelson delivered the Opinion of the Court.

¶1    Jennifer and Elo Nielsen commenced this action against Andreas Hornsteiner in the Nineteenth Judicial District Court, Lincoln County. The District Court entered judgment in favor of the Nielsens, and Hornsteiner now appeals. We affirm.

¶2    Hornsteiner raises two issues on appeal:

1. Whether the District Court abused its discretion in refusing to set aside the entry of default against Hornsteiner.

2. Whether the District Court erred in awarding attorney's fees to the Nielsens.

### BACKGROUND

¶3    The Nielsens own real property near Trego, Montana. To access their property, the Nielsens travel approximately two and a half miles over a Forest Service Road, then a quarter mile along an easement which passes over property owned by Hornsteiner, and then a short distance across the property of an absentee landowner. Hornsteiner installed a gate at each end of the Nielsen's easement where it enters and exits his property. One of the gates is a cable gate that Hornsteiner insisted be kept latched and locked at all times. Jennifer Nielsen (who is in her late 60s) and her father (who is in his 90s and resides with the Nielsens) are unable to open and close this gate. The District Court thus found that the gate interferes with the Nielsens' use of their easement.

¶4    In addition to the locked cable gate, Hornsteiner piled debris, stumps, and rocks along the easement path. These items, the District Court found, "serve no purpose other than to make it difficult for Nielsens to maintain the easement, particularly in the winter

2

months. These obstructions interfere with the Nielsens' use of the access easement, especially when the Nielsens attempt to remove snow from their access."

¶5 The Nielsens filed a complaint on November 19, 2010, and an amended complaint on December 1, seeking injunctive relief and damages. A summons and the amended complaint were served on Hornsteiner on March 30, 2011. Hornsteiner failed to file an answer within 20 days. On April 29, the Clerk of the District Court entered Hornsteiner's default.

¶6 On May 16, Hornsteiner filed a motion to set aside the default pursuant to M. R. Civ. P. 55(c) (2009), which states: "For good cause shown the court may set aside an entry of default . . . ." Hornsteiner also filed his answer and counterclaims the same day. The District Court denied Hornsteiner's motion on June 20. The court concluded that the default was not willful and that the Nielsens would not be prejudiced if the default were set aside, but that Hornsteiner had failed to present a meritorious defense in any event. *See Hoyt v. Eklund*, 249 Mont. 307, 311-12, 815 P.2d 1140, 1142 (1991) (the following factors should be considered when determining if the defendant has shown "good cause" for setting aside an entry of default: (1) whether the default was willful, (2) whether the plaintiff would be prejudiced if the default should be set aside, and (3) whether the defendant has presented a meritorious defense to the plaintiff's claim).

¶7 In this regard, Hornsteiner admitted that the Nielsens have a residential access easement through his property and that he installed a cable and lock over the easement.

3

Yet, Hornsteiner offered no explanation for this obstruction.[1] Rather, the District Court noted, he "audaciously . . . attempts to countersue Plaintiff to extinguish the easement for their refusal to maintain the obstructions" that Hornsteiner had put in place. The District Court observed that Hornsteiner was required to provide a reasonable explanation, based on the surrounding circumstances, for the easement obstructions. *See Gabriel v. Wood*, 261 Mont. 170, 177, 862 P.2d 42, 46 (1993) ("[W]here the placement of a gate is not expressly prohibited by the grant of an easement or impliedly prohibited by the surrounding circumstances, a gate may be constructed across the easement if it is necessary for the reasonable use of the servient estate and does not interfere with reasonable use of the right-of-way."). Hornsteiner failed to do so, and the court stated that it was "not willing to assume a meritorious defense where one is not offered." The District Court scheduled a judgment hearing to address the scope of injunctive relief, damages, and the Nielsens' request for attorney's fees.

¶8 In the interim, the Nielsens applied for a preliminary injunction on July 13. They explained that Elo Nielsen was undergoing a surgical procedure on July 20; that Jennifer and her father, therefore, would have to travel the easement without Elo's assistance; that the Nielsens had tried to solicit Hornsteiner's cooperation in leaving the gate open during the period of Elo's disability; but that Hornsteiner and his counsel had not communicated with the Nielsens regarding this issue. The District Court entered a restraining order on July 14, directing Hornsteiner to leave the gates open and the road free of obstructions

---

[1] According to Elo Nielsen's affidavit, filed May 27, 2011, Hornsteiner's property is not fenced, including in the area near and around the cable gate. Hornsteiner does not refute this.

starting on July 19. The court thereafter held a hearing and, on August 4, entered a preliminary injunction. The court enjoined Hornsteiner from gating the access easement pending final order of the court following the judgment hearing. The court stated that he could install a gate manageable to the Nielsens, provided that the Nielsens approved the gate.

¶9 Following the grant of the preliminary injunction, Hornsteiner did not contact the Nielsens about an alternative gate. Instead, he placed more rocks alongside the easement. He also confronted Elo on one occasion when Elo was crossing over the easement. Hornsteiner yelled and cursed at Elo and threatened to "get out the guns and shoot" Elo. In later testifying about this incident, Elo described Hornsteiner as "very agitated and all red in the head. It's like—his demeanor was like he wanted to kill me or something."[2] The District Court found that Hornsteiner's conduct was "meant to retaliate against or intimidate the Nielsens." The court further found that the Nielsens' efforts to resolve the matter with Hornsteiner were "futile" and that his conduct "interferes with the Nielsens' use and enjoyment of the access easement."

¶10 The Nielsens, Hornsteiner, and another resident from the Trego area testified at the judgment hearing, held October 6, 2011. The District Court then entered its findings of fact, conclusions of law, order, and judgment on October 7. The court specifically found that the Nielsens are credible and that Hornsteiner is not credible. The court concluded that Hornsteiner's placement of the locked cable gate and deposit of stones and rubbish

---

[2] Hornsteiner interjected during Elo's testimony at the judgment hearing, at which point the District Court judge ordered Hornsteiner to "restrain" himself and warned him that "[y]ou can leave if you act up again."

along the road "serve only to frustrate Nielsens' easement rights even if technically outside the easement's physical dimensions." The court found that Hornsteiner had failed to present a meritorious defense. The court permanently enjoined him and his successors in interest from gating the access easement. The court stated that Hornsteiner could install a gate manageable to the Nielsens and their successors in interest, provided that the Nielsens or their successors approve the gate. The court permanently enjoined Hornsteiner from placing debris, objects, material, or structures within six feet of either side of the easement and ordered that any future changes to the easement path must be made with the express purpose to improve the road, not to harm the road or impede travel. The court ordered Hornsteiner to remove any gate, impediment, debris, material, or structure on the road or within six feet of either side of the easement within 20 days. The court permanently enjoined Hornsteiner from conducting himself in any manner meant to harass or intimidate the Nielsens, their family members, their guests, or their successors in interest. Finally, the court awarded the Nielsens their costs and attorney's fees.

## DISCUSSION

¶11 ***Issue 1. Whether the District Court abused its discretion in refusing to set aside the entry of default against Hornsteiner.***

¶12 Hornsteiner first contends that the District Court abused its discretion in refusing to set aside the default. Again, a court may set aside an entry of default for "good cause." M. R. Civ. P. 55(c). In *Waldher v. FDIC*, 282 Mont. 59, 62, 935 P.2d 1101, 1103 (1997), we explained that the policy of law is to favor a trial on the merits, and thus no great

6

abuse of discretion need be shown to warrant a reversal of a district court order denying a motion to set aside a default. "Our standard of review of a district court's refusal to set aside a default is whether there was a slight abuse of discretion by the court." *Waldher*, 282 Mont. at 62, 935 P.2d at 1103. Here, Hornsteiner has failed to show even a *slight* abuse of discretion.

¶13    Hornsteiner had several opportunities in the District Court—before and after the entry of default—to allege or identify a meritorious defense to the Nielsens' claim, *Hoyt*, 249 Mont. at 311-12, 815 P.2d at 1142, in particular, that a locked cable gate is necessary for the reasonable use of Hornsteiner's property and does not interfere with the Nielsen's reasonable use of the right-of-way, *Gabriel*, 261 Mont. at 177, 862 P.2d at 46. He failed to do so. Again on appeal, Hornsteiner offers nothing more than a conclusory assertion that "the cable and lock are necessary for the reasonable use of his property and do not interfere with the Nielsens' reasonable use of the road." Hornsteiner does not identify any factual allegations in his answer and counterclaims supporting this assertion. Hornsteiner points to no testimony or other evidence presented at any point during the District Court proceedings supporting this assertion.[3] Notably, Hornsteiner does not contend that the facts adduced during the hearings in the District Court are insufficient to support the court's findings of fact and conclusions of law. The District Court heard his

---

[3] Hornsteiner attempts on appeal to offer new evidence, which is included in the appendices to his appellate briefs. However, this evidence was not presented to the District Court and, thus, is not part of the record on appeal. *See Anderson v. Stokes*, 2007 MT 166, ¶ 57, 338 Mont. 118, 163 P.3d 1273 (the parties on appeal are bound by the record and may not add additional matters in briefs or appendices; this Court will not consider such matters in determining whether the district court erred in making its findings).

testimony but found that he is not credible. This Court "defer[s] to the District Court's ability to judge the credibility of witnesses and to resolve any conflicts in the evidence." *In re Adoption of K.P.M.*, 2009 MT 31, ¶ 28, 349 Mont. 170, 201 P.3d 833.

¶14 We conclude that the District Court did not abuse its discretion in refusing to set aside the entry of default against Hornsteiner.

¶15 ***Issue 2. Whether the District Court erred in awarding attorney's fees to the Nielsens.***

¶16 Hornsteiner contends that the District Court erred in awarding attorney's fees to the Nielsens. Yet, Hornsteiner did not state any objection to an award of attorney's fees when it was discussed at the judgment hearing. Nor did he comply with Rule 81 of the Nineteenth Judicial District Rules of Practice, which required him to file a written objection within 10 days after service of the Nielsens' counsel's affidavit in support of the requested fees. Noting that Hornsteiner had not filed a timely objection and had not requested a hearing, the District Court on November 14, 2011, awarded the Nielsens $3,135.00 in attorney's fees.

¶17 Hornsteiner advises us in his reply brief on appeal that his counsel sent a letter to the court on or about November 17, 2011. (The letter is not contained in the District Court record, but a copy of it is provided with Hornsteiner's reply brief.) In the letter, counsel asserts that he did not receive the affidavit of the Nielsens' counsel in support of the award of attorney's fees. Counsel attributes this to "trouble with the postal service." He states that he has no objections to the reasonableness of the Nielsens' counsel's fees, but that "[w]e do not waive any objection to whether attorney's fees can be awarded in

8

this case." As noted, however, Hornsteiner had not yet entered any objections to an award of attorney's fees, and he did not thereafter file a motion to alter or amend the award of attorney's fees or a motion for relief from the judgment. *See* M. R. Civ. P. 59, 60. In other words, Hornsteiner never properly presented the District Court with an objection to the award of attorney's fees, let alone an argument in support of such an objection. This Court will not put a district court in error for failing to address an issue or an argument that was not made before it. *Prescott v. Innovative Res. Group, LLC*, 2010 MT 35, ¶ 14, 355 Mont. 220, 225 P.3d 1253.

¶18 In sum, Hornsteiner waived his objection to the award of attorney's fees and has failed to demonstrate even a slight abuse of discretion in the District Court's decision to deny his motion to set aside the default.

¶19 Affirmed.

/S/ JAMES C. NELSON

We Concur:

/S/ MICHAEL E WHEAT
/S/ PATRICIA COTTER
/S/ BETH BAKER
/S/ JIM RICE

9