FILED

October 6 2015

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 15-0107

DA 15-0107

IN THE SUPREME COURT OF THE STATE OF MONTANA

2015 MT 290N

BOBBIE JO ROBINSON,

        Plaintiff and Appellee,

   v.

BRETT FEESE AND GWEN FEESE,

        Defendants and Appellants.

APPEAL FROM:    District Court of the Fourth Judicial District,
In and For the County of Missoula, Cause No. DV-14-1009
Honorable Ed McLean, Presiding Judge

COUNSEL OF RECORD:

        For Appellants:

            Quentin M. Rhoades, Nicole L. Siefert, Rhoades & Siefert, PLLC;
Missoula, Montana

        For Appellee:

            Kevin S. Jones, Joseph D. Houston, Christian, Samson & Jones, PLLC;
Missoula, Montana

Submitted on Briefs:  September 2, 2015
Decided:  October 6, 2015

Filed:

                                 Clerk

Justice James Jeremiah Shea delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Brett Feese and Gwen Feese (the Feeses) appeal the order of the Fourth Judicial District Court, Missoula County, which ordered them to remove items of personal property from an adjoining easement owned by their neighbor, Bobbie Jo Robinson. We reverse and remand.

¶3 Robinson owns real property in Missoula County, described as Tract 3 of Certificate of Survey No. 4569. The Feeses own Tract 1 of Certificate of Survey No. 4569, the southern boundary of which adjoins the northern boundary of Robinson's property. Robinson has a 30-foot, private-access easement through the Feeses' property, identified on Certificate of Survey No. 4569. Since the Feeses purchased the property by warranty deed in 2010, they placed vehicles and other items in Robinson's easement. Robinson repeatedly asked the Feeses to remove their property from her easement, but the Feeses did not comply with her requests.

¶4 On September 15, 2014, Robinson filed a complaint in the District Court alleging trespass, interference with her easement rights, and actual malice by the Feeses. Robinson requested a declaratory judgment of her easement rights, injunctive relief, compensatory and punitive damages, and attorney fees and costs. On October 6, 2014,

2

the Feeses filed a motion to dismiss without an accompanying brief. The motion was denied, and the Feeses were given until October 29, 2014, to file further pleadings. The Feeses did not file an answer by the deadline. On October 31, 2014, Robinson filed a request for entry of default pursuant to M. R. Civ. P. 55(a), and the clerk made an entry of default on November 3, 2014.

¶5     On November 5, 2014, the Feeses moved to set aside the entry of default. In support of their motion, the Feeses contended they had a meritorious defense to Robinson's action, and they had an excuse or good cause for failing to timely answer. The District Court denied the Feeses' motion, stating: "The Motion to Set Aside Entry of Default is **DENIED**." The court provided no further explanation for its denial of the Feeses' motion.

¶6     On January 7, 2015, the District Court held a hearing on Robinson's request for injunctive relief and damages. The District Court issued a preliminary injunction on January 21, 2015, confirming the entry of default against the Feeses for failure to timely file an answer. The Feeses were ordered to remove a trailer and a vehicle that were parked on Robinson's easement. The Feeses were given until May 15, 2015, to move a propane tank at least three feet from the property line, and they were given the choice to remove either an existing tree or an existing power pole from the easement. The order also stated that Robinson could request a hearing on damages once the Feeses complied with the order. The Feeses appeal.

¶7     "Our standard of review of a district court's refusal to set aside a default is whether there was a slight abuse of discretion by the court." *Nielsen v. Hornsteiner*,

3

2012 MT 102, ¶ 12, 365 Mont. 64, 277 P.3d 1241. "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend . . . the clerk must enter the party's default." M. R. Civ. P. 55(a). A district court "may set aside an entry of default for good cause." M. R. Civ. P. 55(c). "Good cause" for setting aside an entry of default is shown by consideration of the following factors: "(1) whether the default was willful, (2) whether the plaintiff would be prejudiced if the default should be set aside, and (3) whether the defendant has presented a meritorious defense to the plaintiff's claim." *Nielsen*, ¶ 6.

¶8     In this case, the District Court summarily denied the Feeses' motion to set aside the entry of default without explanation. Although we can assume from this order that the District Court did not find good cause to set aside the entry of default, we cannot ascertain why the District Court found good cause lacking. Thus, we are compelled to reverse the District Court's order because we have no meaningful way to assess whether the District Court committed a slight abuse of discretion in refusing to set aside the entry of default.

¶9     The lack of any reasoning in the District Court's denial of the Feeses' motion to set aside entry of default becomes particularly problematic because the entry of default formed the basis for the District Court's subsequent grant of Robinson's request for injunctive relief. The District Court's order granting Robinson injunctive relief reads, in pertinent part: "The Court confirmed that default and default judgment previously had been entered as a result of Defendants' failure to timely file an Answer. The Court

4

granted Plaintiff the relief requested in the Complaint, as follows: . . . ." The remainder of the order simply enumerates the relief granted.

¶10 In *Snavely v. St. John*, 2006 MT 175, 333 Mont. 16, 140 P.3d 492, we reversed an order granting a preliminary injunction, and held:

> Our jurisprudence is well settled that findings of fact and conclusions of law must accompany preliminary injunctions. See *Ensley v. Murphy* (1983), 202 Mont. 406, 408, 658 P.2d 418, 419; *Traders State Bank of Poplar v. Mann* (1993), 258 Mont. 226, 245, 852 P.2d 604, 616 (overruled on other grounds), *Turner v. Mountain Engineering and Const., Inc.* (1996), 276 Mont. 55, 62, 915 P.2d 799, 803). A failure by the District Court to make findings of fact or conclusions of law in the grant or denial of a preliminary injunction as required by Rule 52(a) will result in this Court's order to vacate the preliminary injunction and our remand to the District Court for reconsideration following the entry of its findings of fact and conclusions of law. See *Continental Realty, Inc. v. Gerry* (1991), 251 Mont. 150, 153, 822 P.2d 1083, 1086; *Traders State Bank of Poplar*, 258 Mont. at 245, 852 P.2d at 616; Ensley, 202 Mont. at 408, 658 P.2d at 419.

*Snavely*, ¶ 10. We further instructed that the "litmus test" for determining the sufficiency of an order granting injunctive relief is "whether a district court's order sets forth reasoning, based upon its findings of fact and conclusions of law, in a manner sufficient to allow informed appellate review." *Snavely*, ¶ 11. Since the District Court's order granting Robinson the preliminary injunction contains no findings of fact, no conclusions of law, and no reasoning, it is not possible for this Court to conduct informed appellate review of the order.

¶11 We reverse the District Court's order denying the Feeses' motion to set aside the default and remand this matter for the Court to enter an order either granting or denying

5

the Feeses' motion, and substantively addressing whether good cause exists to set aside the entry of default.

¶12 We vacate the District Court's order granting injunctive relief to Robinson. On remand, any order granting or denying injunctive relief shall include findings of fact, and conclusions of law, and set forth reasoning based upon those findings of fact and conclusions of law in a manner sufficient to allow informed appellate review.

¶13 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review. The District Court's interpretation and application of the law were incorrect.

¶14 Reversed and remanded for further proceedings consistent with this Opinion.

/S/ JAMES JEREMIAH SHEA

We Concur:

/S/ MIKE McGRATH
/S/ BETH BAKER
/S/ PATRICIA COTTER
/S/ JIM RICE